1  MARK C. SCHNITZER, State Bar No. 48628
   DOUGLAS A. PLAZAK, State Bar No. 181709
2  SCOTT TALKOV, State Bar No. 264676
   **REID & HELLYER**
3  A Professional Corporation
   3880 Lemon Street, Fifth Floor
4  Post Office Box 1300
   Riverside, California 92502-1300
5  Telephone: (951) 682-1771
   Facsimile: (951) 686-2415
6
   Attorneys for Creditor Kathryn Ehrgott
7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 In re                          ) CASE NO. 8:11-bk-10946-RK
                                   )
12 Matthew Banks Ashworth         ) Chapter 13
                                   )
13        Debtor.                  ) **CREDITOR KATHRYN EHRGOTT'S**
                                   ) **AMENDED OBJECTION TO PLAN AND**
14                                 ) **AMENDED PLAN DUE TO LACK OF**
                                   ) **GOOD FAITH AND FAILURE TO**
15                                 ) **COMMIT ALL DISPOSABLE INCOME TO**
                                   ) **PLAN; DECLARATION OF SCOTT**
16                                 ) **TALKOV IN SUPPORT OF OBJECTION**
                                   ) **[11 U.S.C. § 1325(a)(3), (a)(7) & (b)(1)(B)]**
17                                 )
                                   ) **Date:  January 10, 2012**
18                                 ) **Time:  2:30 p.m.**
                                   ) **Ctrm: 5D**
19 _____ )

20                    **I.**

21               **INTRODUCTION**

22        Debtor's Amended Chapter 13 Plan cannot be confirmed because he lacks good faith: **on**

23 **June 24, 2011, Debtor signed under penalty of perjury an Amended Schedule I that <u>failed to</u>**

24 **<u>disclose the $110,000 annual bonus</u> and $11,000 salary increase he had received in the prior**

25 **four months.** Thus, Debtor's Amended Schedule I lists his "Monthly gross wages, salary and

26 commissions (<u>Prorate if not paid monthly</u>)" as a mere $11,250.44 ($135,005.28 a year). In fact,

27 Debtor's true monthly wages are at least $20,916.67 (**at least $251,000 per year**).

28 / / /

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1    **Thus, instead of committing approximately $375,188[1] over five years to pay creditors**

2    **in full,[2] Debtor attempts to pay creditors a mere $50,688 over five years.**[3]  This attempt to

3    defraud creditors reflects bad faith that should result in dismissal of this bankruptcy.

4    This case is colored by the fact that Debtor's primary creditor is Kathryn Ehrgott

5    ("Ehrgott"), who is also his ex-wife, the mother of his two minor children, and a victim of Debtor's

6    transmission of an incurable sexually transmitted disease that Debtor contracted through an extra-

7    marital affair,[4] causing Ehrgott to file for divorce.[5]  Debtor agreed to provide Ehrgott, a homemaker

8    during the marriage, alimony of $1,500 per month (the "Obligation") that he seeks to reclassify as a

9    property settlement in this bankruptcy, which is now an adversary proceeding in this case.

10    This is not the first court to address Debtor's incessant desire to avoid his support

11    obligations.  Debtor also lost his attempt to modify the Obligation in Tennessee in July 2010 just

12    weeks before meeting with his current bankruptcy attorney in August 2010.  Moreover, Debtor

13    argued in Indiana in 2010 that the Obligation is alimony that should reduce his gross income, and

14    thus his child support, producing a published appellate opinion that concurred that the Obligation is

15    alimony and not a property settlement.  This opinion was published in September 2010, <u>after</u>

16    Debtor met with his bankruptcy attorney to discuss his newly discovered opinion that the

17    Obligation is a property settlement.  This further militates towards a lack of good faith.

18    
19    [1] Debtor's unlisted bonus of $110,000 per year would net $57,200 pear year in additional disposable income if
    taxed at 48%. Debtor's pay raise of $11,000 per year would net $7,700 per year if taxed at 30%. When added to
20    Debtor's purported disposable income of $844.80 per month (Petition, p. 52, ln. 59), which amounts to only $10,137.60
    per year, a total of $75,037.60 should be pledged to the plan each year. These numbers are estimates, as Ehrgott is
21    unable to provide accurate numbers due to Debtor's non-disclosure, as discussed herein.

22    [2] Debtor's creditors are owed $367,776.00. Petition, p. 11, attached hereto as Exhibit 2.

23    [3] Petition, p. 52, ln. 59, listing $844.80 in monthly disposable income.

24    [4] Despite stipulating to this fact through a pleading filed with the court during the pendency of the divorce,
    Debtor now contends that it may have been Ehrgott that brought Herpes to the marriage by cheating. Debtor's only
25    evidence of this contention is that Ehrgott became pregnant during the time that the parties contracted Herpes. Despite
    spending over $100,000 in litigation over child support and alimony, Debtor has not taken or suggested a paternity test.
26    Deposition of Matthew Ashworth, Oct. 27, 2011, p. 80, ln. 10 to p. 81, ln. 15. Indeed, Debtor's new denial of his
    wrongful conduct is telling, as fault is a factor for awarding alimony in Tennessee. Tenn. Code § 36-5-121(i)(11).

27    [5] Despite this wrongful marital conduct, Debtor believes the divorce is not his fault because he "didn't believe
    [Ehrgott] when she said that it would end" if he acted on the same-sex desires he confessed to his wife for the first time
28    just weeks after their wedding. Deposition of Matthew Ashworth, Oct. 27, 2011, p. 65, ln. 24 to p. 68, ln. 13.

1    Debtor's desire to frustrate his support creditor (his ex-wife) through this bad faith

2  bankruptcy should result in an award of attorney's fees to Ehrgott and the dismissal of this

3  bankruptcy to dissuade other support debtors from gaming the system, as Debtor has done herein.[6]

4                                            **II.**

5                              **STATEMENT OF FACTS**

6    Debtor is a banking executive that sells loans to businesses. Since 1999, his salary has

7  increased dramatically and consistently. In his sales capacity, Debtor's compensation is largely

8  provided by bonuses for the prior year's performance provided annually in or around March of the

9  subsequent year.  For example, Debtor was paid a $35,000 bonus in 2005 and a $60,000 bonus in

10  2006 when he had only half of the experience than he had on the date of his petition.

11    Debtor first met with his bankruptcy attorney on August 27, 2010, to discuss this

12  bankruptcy filing.[7]

13    Debtor paid his bankruptcy attorney on September 3, 2010, October 15, 2010, and

14  November 7, 2010.[8]

15    Debtor printed his pay stubs that are attached to his petition on October 18, 2010 and

16  December 6, 2010.[9]

17    Debtor filed his petition for Chapter 13 bankruptcy on January 21, 2011.

18    Debtor's petition lists his gross monthly wages, **including bonuses**, as a mere $11,250.44,

19  which Debtor calculated to provide a mere $135,005.28 annualized current monthly income.[10]

20

21    [6] This objection does not include any discussion of Debtor's estimated expenses, despite his lease on what
Zillow estimates is a $1.2 million home in Laguna Beach at 563 Temple Hills Dr. See Zillow,
22  http://www.zillow.com/homedetails/563-Temple-Hills-Dr-Laguna-Beach-CA-92651/25556494_zpid/ Instead of listing
this address in his bankruptcy petition, Debtor opted to list the address of a UPS Store mail box located at "668 N. Coast
23  Highway #1350 Laguna Beach, CA 92651." The "#1350" is apparently his mail box number at the UPS Store.

24    [7] Deposition of Matthew Ashworth, Oct. 27, 2011 (Uncertified Rough Draft), p. 256, lns. 24-25.

25    [8] Petition, p. 33, ¶ 9. While this may be a correct calculation based on look-back period in 11 U.S.C. §
101(10A), it thwarts the spirit of the law as discussed in case law, as explained more fully below.
26

27    [9] Petition, pp. 41-44 (date of printing noted in bottom right-hand corner).

28    [10] Petition, p. 45, ln. 2 & p. 46, ln. 15. Debtor appears to have derived his monthly income by doubling his
$5,625.22 bi-monthly gross earnings reflected in his late 2010 pay stubs.

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1    However, a comparison of Debtor's pay stubs attached to his petition reveals that his true

2    monthly gross earnings are $16,391.84.[11] (Debtor apparently believed that other compensation, such

3    as vacation pay, need not be included.) Adding this monthly figure to his November 30, 2010

4    paystub showing $155,143.81[12] year to date gross earnings reveals **Debtor's true annual gross**

5    **income for 2010 of $166,394.25**, which apparently doesn't include his $60,000 to $70,000 annual

6    bonus, which would increase his 2010 gross wages to $226,394.25 to $236,394.25.

7    Interestingly, Debtor electronically signed, on January 21, 2011, under penalty of perjury

8    that he had "attached to this certificate copies of my pay stubs . . . for the 60-day period prior to the

9    date of the filing of my bankruptcy petition."[13] Notably absent are the pay stubs for that period.

10   Instead, Debtor attached four pay stubs from October and November of 2010, only the last of which

11   qualifies as a paystub during that 60-day period.[14]

12   As Debtor admitted in the Joint Pretrial Order "On February 28, 2011, [Debtor] was paid a

13   bonus in the amount of $110,000 by U.S. Bank. [Debtor's] salary was also increased by $11,000

14   per year after January 21, 2011, but before June 24, 2011."[15]

15   On June 24, 2011, Debtor and Debtor's attorney signed an Amended Plan as well as an

16   Amended Schedule I. This latter document reports "Monthly gross wages, salary and commissions

17   (prorate if not paid monthly)" as a mere $11,250.44[16]- the same amount Debtor reported in his Plan

18   filed on January 21, 2011,[17] before he had received his $110,000 bonus and $11,000 annual salary

19   increase. This Amended Plan was filed on June 30, 2011.

20   / / /

21

22   [11] Petition, pp. 41 & 43. Debtor's YTD Gross Earnings were 138.761.97 on October 29, 2011. *Id.* p. 43. One month later on November 30, 2011, Debtor's YTD Gross Earnings were $155,153.81. *Id.,* p. 41.

23   [12] Petition, p. 41.

24   [13] Petition, p. 40.

25   [14] Petition, pp. 41-44.

26   [15] *Id.*

27   [16] Amended Schedule I, ln. 1, attached hereto as Exhibit 1.

28   [17] Petition, Schedule I, p. 26, ln. 1.

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1    On October 27, 2011, Debtor was deposed for the first time in this bankruptcy by an

2  attorney for Ehrgott. Debtor admitted that he received a $110,000 bonus in 2011, in addition to a

3  pay raise to a $141,000 annual salary.[18] When asked why he had not included the 2011 bonus in his

4  income, Debtor responded that he "had not earned it when [he] filed [his] bankruptcy."[19]

5    Debtor also admitted that his bonus in 2010 was "Probably between 60 and 70 . . . thousand

6  dollars."[20] Interestingly, Debtor's bonuses are nowhere to be found in the schedules attached to his

7  Plan, nor on his pay stubs showing his earnings for the year.

8    As shown below, this Court is unable to confirm Debtor's Amended Plan due to its failure

9  to pledge all of Debtor's disposable income and bad faith. Moreover, Debtor's bad faith allow this

10  Court to dissuade such behavior by awarding attorney's fees to Ehrgott.

11                                    **III.**

12            **PLAN FAILS TO PLEDGE ALL PROJECTED DISPOSABLE INCOME**

13    Section 1325(b)(1)(B) provides that this Court may not approve Debtor's Plan over a

14  creditor's objection unless "the plan provides that all of the debtor's **projected disposable income**

15  to be received in the applicable commitment period beginning on the date that the first payment is

16  due under the plan will be applied to make payments to unsecured creditors under the plan."

17  (emphasis added.)

18    **1.    Supreme Court Mandates Inclusion of Income "Known or Virtually Certain"**

19    In June 2010, the Supreme Court held in *Hamilton v. Lanning* that the word "projected" in

20  "projected disposable income" encompassed more than simply multiplying the debtor's "current

21  monthly income" by the number of months in the applicable commitment period.[21]   The *Hamilton*

22  court rejected this mechanical approach, stating that "[i]n cases in which a Debtor's disposable

23  income during the 6-month look-back period is either substantially lower or higher than the

24    [18] Deposition of Matthew Ashworth, Oct. 27, 2011, p. 9, ln. 7 to p. 10, ln. 6.

25    [19] Deposition of Matthew Ashworth, Oct. 27, 2011, p. 10, lns. 2-6.

26    [20] Deposition of Matthew Ashworth, Oct. 27, 2011, p. 10, lns. 10-16 (draft deposition erroneously shows 30 to

27  70 thousand dollars).

28    [21] 130 S. Ct. 2464, 2471-72.

1    Debtor's disposable income during the plan period, the mechanical approach would produce

2    senseless results."[22]  Rather, the high court gave bankruptcy courts the flexibility to adjust the

3    debtor's current monthly income to "**account for changes in the debtor's income or expenses that**

4    **are known or virtually certain at the time of confirmation**."[23]

5         **B.    Bonuses Must be Included in Projected Disposable Income**

6         Courts applying this forward-looking approach mandated in cases such as *Hamilton* have

7    held that where a debtor fails to include annual bonuses in their calculation of projected disposable

8    income under Section 1325(b)(1)(B), the creditor or trustee's objection should be sustained.[24]

9         In fact, this district has squarely ruled in the case of *In re Katz* that "bonus payments that

10   were received by [the debtor] in the applicable 6-month period must be included in calculating [the

11   debtor's current monthly income]."[25] In that case, the court found that a presumption of abuse arose

12   under section 707 given that the debtor therein had failed to include two bonuses totaling $48,000

13   over the six month period.[26]

14        This is nearly indistinguishable from the $55,000 in prorated bonus income Debtor herein

15   should have included since it was known or virtually certain at the time of filing the Petition and

16   Plan. Moreover, Debtor's bonus was most certainly known at the time Debtor filed his Amended

17   Plan after having received the bonus.

18        *In re Katz* cited yet another case in which a debtor failed to list their annual bonus.[27] In that

19   case, the trustee's objected on the grounds that "the debtors knew that they regularly received an

20   annual bonus in February or March of each year and actually received a bonus of $12,410.05 in

21

22        [22] *Id.* at 2475.

23        [23] *Id.* at 2478.

24        [24] *In re Foster*, No. 05-50448 HCD, 2006 Bankr LEXIS 2259 (BC ND Ind 2006); *In re Arsenault*, 370 BR 845
(BC MD Fla 2007).

25
          [25] *In re Katz*, 451 B.R. 512, 517 (Bankr. C.D. Cal. May 20, 2011).
26
          [26] *Id.* at 514 (two bonuses of $24,171 each).
27
          [27] *In re Katz*, 451 B.R. 512, 517 (Bankr. C.D. Cal. 2011), citing *In re Foster*, No. 05-50448 HCD, 2006 Bankr.
28   LEXIS 2259 (Bankr. N.D. Ind. Sept. 11, 2006).

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1   February [of the year prior to filing]."[28] The court sustained the trustee's objection under section

2   1325(b)(1)(B) upon finding that "the debtors failed to commit to the plan all the annual bonuses

3   they regularly received in the past and anticipated for the future."[29]

4          Here, **Debtor received a bonus nine times larger** than the bonus in the case cited by *In re*

5   *Katz* in 2011 and five to six times larger in 2010, yet failed to list either bonus in his calculation of

6   gross monthly income. This Court should follow *In re Katz* and the cases cited therein by sustaining

7   this objection.

8          **C.    Debtor's Known or Virtually Certain Bonus Must be Included as Income**

9          If this case is not dismissed, this Court should require Debtor to include his $110,000 bonus

10  and $11,000 pay raise in calculating his gross income under Section 101(10A), thereby increasing

11  his projected disposable income under Section 1325(b)(1)(B) by that amount, less taxes.

12         On June 24, 2011, when Debtor signed his Amended Schedule I under penalty of perjury,

13  his $110,000 bonus has been known for almost four months, yet this income is no where to be

14  found. Apparently, Debtor sees bankruptcy as a game whereby his role is to shield his income from

15  creditors and hide his affluent lifestyle from this Court.

16         On January 21, 2011, when Debtor filed his Petition and Plan, his bonus income was known

17  or virtually certain. Debtor is a banking executive that is paid in large part on bonuses.  Indeed,

18  generous "Wall Street bonuses" have become the subject of current events as of late.  Debtor claims

19  that this bonus is left up to the sole discretion of his supervisor.  However, Debtor can hardly claim

20  ignorance about his own performance throughout the year.  Indeed, the industry standard in sales is

21  that performance reports are provided throughout the year, with banking being no exception. Debtor

22  could have shown good faith by informing the Court of a possible or likely bonus, but he choose

23  not to, for obvious reasons.

24         Indeed, the evidence suggests that Debtor purposefully timed his bankruptcy to pay only a

25  small fraction of what he would otherwise pay.  Despite meeting with his bankruptcy attorney in

26

27         [28] *In re Foster* at *6. This case was governed by BAPCPA. *Id.* at *3.

28         [29] *Id.* at *26.

**REID & HELLYER** **APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1  August 2010, Debtor waited five months until January 2011 to file this bankruptcy. No serious

2  hurdles appear from his petition.  Despite the complicated issues involved, as evidenced by the

3  adversary in this case that was nearly certain by scheduling what is denominated as "alimony" as a

4  mere property settlement, Debtor's attorney had collected just $5,029.20 prior to filing this

5  bankruptcy.[30] Debtor made three payments towards this amount, the last of which was on December

6  7, 2010.  Indeed, Debtor's pay stubs reflect October and November pay periods, suggesting that he

7  was preparing to file before his next pay stub on December 15, 2010.  Thus, the look back period

8  would have extended only to June, 2010, just outside of Debtor's March or April 2010 bonus, but

9  before his March or April 2011 bonus.

10  **D.  Other Compensation, Such as Vacation Pay, Must be Included**

11  Debtor's petition includes only the gross monthly income paid in cash in his calculation,

12  excluding other forms of compensation, such as stock options and vacation pay, which are valued to

13  the penny in his paystubs.[31] Debtor's position is mistaken, as confirmed by several bankruptcy

14  courts.[32]  Debtor income includes all $16,391.84 of his monthly compensation. He cannot escape

15  his creditors by reporting only the $11,250.44 (now $12,167.11) paid on a monthly basis.

16  **E.  Debtor Must Pay Full Amount Owed to Creditors**

17  The evidence suggests that Debtor was attempting to game the system by not including

18  income that he was substantially certain to earn.  Should this court allow confirmation of this plan,

19  this income must be included, raising Debtor's gross income to at least $251,000 per year, if not

20  more based on vacation and other compensation provided to Debtor.  This leaves Debtor with an

21  estimated $375,188 in disposable income, if not more, to pay creditors with debts less than that

22  amount.  Thus, Debtor must pay all creditors in full, thereby thwarting any right of creditors to

23  object.

---

24  [30] Petition, p. 33.

25  [31] Petition, p. 44 (pay stub valuing 8 hours of vacation at a rate of $519.23).

27  [32] *In re Leggett*, No. 10-03383-8-RDD, 2011 Bankr. LEXIS 820 (Bankr. E.D.N.C. Mar. 2, 2011); see Keith M.
Lundin, 5 Chapter 13 Bankruptcy, 3d Edition § 468.1 at 468-5 (2000 & Supp. 2006) (quoted in *In re Foster*, 2006
Bankr. LEXIS 2259 (Bankr. N.D. Ind. Sept. 11, 2006)) ("Filing before a debtor receives a large commission or vacation
28  pay . . . will materially change the CMI calculation."); see *In re Goble*, 401 B.R. 261, 267 (Bankr. S.D. Ohio 2009).

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

# IV.

## PLAN WAS NOT SUBMITTED IN GOOD FAITH

Under section 1325(a)(3) & (7), this Court may only confirm Debtor's plan if "the plan has been proposed in good faith" and "the action of the debtor in filing the petition was in good faith." Thus, the Plan, Amended Plan and Petition are subject to good faith requirements.

Congress did not define "good faith" in the Bankruptcy Code, and the Ninth Circuit has recognized that the meaning of "good faith" can vary depending on the context in which it is used.[33] The Ninth Circuit has formulated a list of several factors which may indicate that a debtor's Chapter 13 plan was not proposed in good faith. In addition to considering whether the debtors acted equitably in proposing their Chapter 13 plan, a bankruptcy court must also take into account "**whether the debtor has misrepresented facts in his plan, unfairly manipulated the Bankruptcy Code or otherwise proposed his Chapter 13 plan in an inequitable manner**."[34]

Although a bankruptcy judge may "consider the substantiality of the proposed repayment, the court must make its good faith determination in the light of all militating factors."[35] However, the court stated that "[w]e do not attempt at this time to compile a list of relevant considerations" in evaluating the "good faith" submission of a Chapter 13 plan.[36] Bankruptcy courts should determine a debtor's good faith on a "case-by-case basis, taking into account the particular features of each Chapter 13 plan."[37] The Ninth Circuit and the Ninth Circuit B.A.P. have also noted that: **"nominal repayment [may be considered as] one piece of evidence that the debtor is unfairly manipulating Chapter 13 and therefore acting in bad faith."**[38]

---

[33] *In re Goeb*, 675 F.2d 1386, 1389-90 (9th Cir. 1982).

[34] *Id.* at 1390 (emphasis added).

[35] *Id.*

[36] *Id.*

[37] *Id.* See also *In re Porter*, 102 B.R. 773, 775 (B.A.P. 9th Cir. 1989) (examining the Ninth Circuit's approach in determining whether a Chapter 13 plan was submitted in "good faith").

[38] *Goeb*, 675 F.2d at 1396 (Ninth Circuit) (emphasis added); *In re Porter*, 102 B.R. at 775 (Ninth Circuit B.A.P.).

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

**A.    Failure to Schedule Bonuses Constitutes Bad Faith**

1

2      Here, Debtor misrepresented the fact of his income in his Plan and Amended Plan which

3   dramatically reduced the available disposable income available to creditors. Ehrgott estimates that

4   the shortfall is $324,500 based on the information Debtor provided in his deposition.  Debtor's

5   misrepresentation was committed by unfairly manipulating the Bankruptcy Code through delaying

6   his filing.  He met his attorney in August of 2010, when his $60,000 to $70,000 bonus would have

7   been included in the six-month look-back period, yet waited until January 2011.  At the time of

8   Debtor's petition, he was substantially certain he would earn a bonus in early 2011, yet failed to

9   include that in his schedules, opting for the mechanical approach that dramatically reduces

10  repayment to creditors by an estimated $324,500. By June 24, 2011, he had earned his $110,000

11  bonus, yet failed to schedule this as income. This is a classic Chapter 13 plan proposed in an

12  inequitable manner.

13     Debtor's election to propose a 60 month plan hardly evidences good faith.  The proposed

14  payments were so minimal that the two year extension added only $20,275.20.  In reality, his

15  proposed five year payment of $50,688 was an attempt to short creditors an estimated $324,500.

16  The additional $20,275.20 represents only 6.25% of the total amount he attempted to short his

17  creditors, based on his failure to include his bonus and other compensation.  This hardly militates

18  against a finding of bad faith.

19     A recent post-BAPCPA case bears an unusual resemblance to this matter.  There, the court

20  held that:

21         The totality of the circumstances leads to one conclusion -- that confirmation should be
           denied.  It is clear that despite the results of the means test, this Debtor has substantial
22         income and has the ability to pay all creditors in full.  The timing of the filing of this
           bankruptcy case and the plan proposed by Debtor indicate that Debtor's intent is to take
23         advantage of what he perceives as a "loophole" in the calculation of his current monthly
           income. Debtor knew that his income was going to rise dramatically post-petition, yet he
24         fails to propose a pay-in-full plan as he would be required to do if his filing date were just
           six months later.  Debtor's bankruptcy filing and plan appear to be an attempt to unfairly
25         manipulate the Bankruptcy Code and do not represent a good faith effort to pay creditors.
           Under the unique circumstances of this case, I find that Debtor has failed to meet the good
26         faith requirements of 11 U.S.C. § 1325(a)(3) and (7). Therefore, confirmation should be
           denied.

27

28  (*In re Marti*, 393 B.R. 697, 701 (Bankr. D. Neb. 2008).)

-10-

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1   There are no distinguishing facts in this case.  Debtor clearly attempts to exploit what he

2   perceived as a "loophole" by calculating his current monthly income with knowledge that it would

3   rise dramatically post-petition, as evidenced by the $110,000 bonus Debtor received shortly after

4   filing his petition.  Indeed, in the six months following Debtor's petition, his $141,000 annual

5   salary (which seemingly does not include other compensation) would have caused him to receive

6   only $70,500, an amount dwarfed by his $110,000 bonus. Debtor could have shown good faith by

7   scheduling his bonus in his Amended Plan, after he received that bonus, but opted not to.

8   Debtor has failed to meet the requirements of good faith and confirmation should be denied.

9   **B.     Failure to Reference Bonus Constitutes False Documents that Should Lead to a**

10  **Finding of Bad Faith**

11  Even if Debtor was not required under the mechanic test to include his bonus in the past six

12  months of in his gross income in his Plan, his failure to include any reference to a bonus in his

13  petition and attached documentation, as well as his Amended Plan, suggests bad faith at best, and

14  the filing of false documents at worst.

15  A recent district court case in this circuit cited Ninth Circuit precedent for the proposition

16  that "filing false documents constitutes bad faith, and since the documents were filed to defeat a

17  discovery order, that bad faith was sufficient to dismiss a case on the merits under FED. R. CIV. P.

18  37(b)."[39]  The district court also cited a case affirming a bankruptcy judge's finding that debtor's

19  filing of falsified documents constituted "the most extreme case she had ever seen of bad faith and

20  manipulation."[40]

21  Here, Debtor's Plan and Amended Plan make no reference to any bonus, either in the past or

22  forthcoming. In fact, the attached pay stubs to his Plan purportedly showing all income from

23  January 1, 2010 to November 30, 2010 fails to reflect the $60,000 to $70,000 bonus that Debtor

24

25

26  [39] *In re Pagaduan*, 429 B.R. 752, 760-61 (Bankr. D. Nev. 2010), citing Professional *Seminar Consultants v.
Sino Am. Technology Exch. Council*, 727 F.2d 1470, 1474 (9th Cir. 1984).

27

28  [40] *In re Pagaduan*, 429 B.R. at 761, citing *Martin v. Cox*, 213 B.R. 571, 572 (E.D. Ark. 1996). *aff'd*, 116 F.3d
480 (8th Cir. 1997).

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1  admitted in his deposition.[41] His Amended Plan also fails to reflect the $110,000 bonus he had

2  already received. This lack of reference to any bonus led Ehrgott to lack any discovery on this

3  issue, revealed only through introductory questions asked in the deposition that revealed Debtor's

4  surprising admissions. This Court can only imagine that Debtor failed to communicate this bonus to

5  keep Ehrgott, the mother of his two children, from filing for a modification of child support based

6  on Debtor's substantially increased earnings.

7      Debtor should be required to explain why no bonus in 2010 appears on his 2010 pay stubs,

8  and why he failed to inform the Court of his 2011 bonus that was substantially certain to earn or the

9  bonus he had earned by the time he filed his Amended Plan.

10      **C.**     **Totality of Circumstances Show Bad Faith Attempt to Defeat Support Creditor**

11      It is no secret that Debtor disagrees that he owes his ex-wife and the mother of his two

12  children support. Indeed, he has litigated this issue multiple times in Tennessee and Indiana, and

13  now here in California. It is no coincidence that he met with his bankruptcy attorney just weeks

14  after losing his attempt to modify the Obligation in Tennessee. In fact, Debtor admits that the

15  Obligation is enforceable as alimony in Tennessee and failed to object to the domestication of that

16  judgment in California.  He nonetheless refuses to willingly pay the Obligation to his ex-wife.

17  Given that Ehrgott's claim #2 constitutes the vast majority of the debts in this case, the motivation

18  is clear.

19      Debtor's attempt to escape his support creditor through this bad faith filing should not stand.

20  This Court should deny confirmation on this ground alone.

21          **V.**

22    **INHERENT SANCTION AUTHORITY ALLOWS THIS COURT AWARD**

23  **ATTORNEY'S FEES FOR OPPOSING DEBTOR'S BAD FAITH BANKRUPTCY FILING**

24      The Ninth Circuit ruled in 2009 that "[a] bankruptcy court's inherent power allows it to

25  sanction 'bad faith' or 'willful misconduct,' even in the absence of express statutory authority to do

26

27  ———————————

28     [41] See Petition, pp. 41-44.

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1    so."[42]  That Ninth Circuit ruling also held that this inherent authority "allows a bankruptcy court to

2    deter and provide compensation for a broad range of improper litigation tactics."[43]  The court held

3    that "bad faith or willful misconduct consists of something more egregious than mere negligence."[44]

4         Here, Debtor was more than negligent - he intentionally delayed the filing of this

5    bankruptcy to ensure that his true income would be hidden from this Court and from Ehrgott.

6    Debtor also intentionally failed to disclose the bonus and salary increase he had already received in

7    his Amended Schedule I. Debtor's incessant desire to avoid his support obligations is evidenced by

8    the seemingly endless litigation he has led in Tennessee, Indiana and now in California.  Debtor

9    was in no rush, having met with his attorney in August of 2010, waiting to file nearly five months

10   later.

11        Despite competent counsel and meticulous planning, Debtor omits his true income.  Instead,

12   he reports approximately one-half of his income, committing a mere $50,688 to creditors.  In

13   reality, Debtor's disposable income is approximately $375,188, less than the debts he schedules in

14   his petition.  This attempt to manipulate the bankruptcy code led Ehrgott, a support creditor, to

15   spend many tens of thousands of dollars preparing to substantiate the support that the Obligation is

16   denominated to be.  As Ehrgott now realizes, Debtor's true income is an amount that would not

17   impair her rights to collect the Obligation, regardless of how it is classified.

18        Debtor's bad faith in failing to disclose his income and pay creditors based on an accurately

19   reported disposable income leaves this court with the authority to impose sanctions.  There is little

20   reason for this Court not to exercise that authority based on the gross misstatements and

21   manipulative behavior of Debtor.

22   ///

23   ///

24   ///

25        [42] *Price v. Lehtinen* (In re Lehtinen), 564 F.3d 1052, 1058 (9th Cir. 2009), citing *Knupfer v. Lindblade* (In re
26   Dyer), 322 F.3d 1178, 1196-1197 (9th Cir. 2003).

27        [43] *Id.*, citing *Knupfer v. Lindblade* (In re Dyer), 322 F.3d 1178, 1196-1197 (9th Cir. 2003).

28        [44] *Id.*, citing *In re Dyer*, 322 F.3d at 1197.

# VI.

## EHRGOTT SHOULD RECOVER ATTORNEY'S FEES FOR

## DEBTOR'S BAD FAITH BANKRUPTCY FILING

## AS ALLOWED FOR SUPPORT CREDITORS UNDER STATE LAW

The United State Supreme Court and the Ninth Circuit have made clear that attorney's fees to an unsecured creditor in a bankruptcy may be a allowed as a pre-petition claim where permitted by state law.[45]

Tenn. Code Ann. §36-5-103(c) provides that:

The plaintiff spouse may recover from the defendant spouse . . . reasonable attorney fees incurred in enforcing any decree for alimony and/or child support . . . which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

The recent circuit court case in *Busch v. Hancock* expressly rejected a bankruptcy opinion that refused to apply this Tennessee statute, stating "The primary reason [to deny attorney's fees] has been lack of a specific provision under the Bankruptcy Code authorizing fee awards to prevailing creditors in §523 dischargeability actions.  However, after the Supreme Court's recent decision in *Travelers Casualty & Surety Co. v. Pacific Gas & Electric Co.*, 127 S. Ct. 1199 (2007), this rationale is no longer persuasive."[46]  The court found that, although *Travelers* was applied to an attorney's fee clause in a contract, "the reasoning in *Travelers* is equally applicable to attorney's fees shifted by state statute. This is particularly so given the Supreme Court's emphasis on the long recognized principle that the basic federal rule in bankruptcy is that state law governs the substance of claims."[47]

/ / /

---

[45] *Travelers Cas. & Sur. Co. of Am. v. Pacific Gas & Elec. Co.*, 549 U.S. 443 (2007) ("we generally presume that claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed" under section 502); *Centre Ins. Co. v. SNTL Corp.* (In re SNTL Corp.), No. 08-60001, 2009 U.S. App. LEXIS 13456 (9th Cir. 2009). See *In re Agway, Inc.*, 2008 Bankr. LEXIS 3597, at *18-22 (Bankr. N.D.N.Y. July, 18 2008); *In re Smith*, 2008 Bankr. LEXIS 183, at *15-17 (Bankr. D. Mo. Jan. 19 2008).

[46] *Busch v. Hancock* (In re Busch), 369 B.R. 614, 625 (B.A.P. 10th Cir. 2007), explicitly rejecting the analysis of *Colbert v. Colbert* (In re Colbert), 185 B.R. 247 (Bankr. M.D. Tenn. 1995).

[47] *Id.*

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1      In *Busch*, the wife participated in the husband's bankruptcy, including litigation over a

2  nondischargeability adversary to enforce the terms of a divorce decree.[48]  The wife prevailed, and

3  the court awarded attorney's fees.  The circuit court affirmed the district court's award of $5,983.97

4  in attorney's fees in the adversary action,[49] reasoning that "In state court, attorney's fees may be

5  awarded. There is no federal interest requiring a different result in a bankruptcy action."[50]

6      Similarly, should this Court declare Ehrgott the prevailing party in her adversary to enforce

7  the support she is owed from Debtor, this Court may award attorney's fees to her under Tennessee

8  law.  Ehrgott has incurred many tens of thousands of dollars in this bad faith bankruptcy Debtor

9  initiated.  These costs of enforcing the support that Debtor agreed to pay under the Obligation

10  should not fall on the shoulders of the support recipient.

11  **VII.**

12  **CONCLUSION**

13      Debtor is not playing by the rules of bankruptcy.  He has failed to disclose his annual

14  bonuses that we now know will almost certainly require this Court to provide payment in full to all

15  creditors, should Debtor proceed with his bankruptcy.  Debtor's bad faith conduct should result in

16  sanctions under this Court's inherent authority and an award of attorney's fees under Tennessee's

17  statute providing for such fees to the prevailing party, should Ehrgott prevail in proving her

18  nondischargeability claim.  Debtor, not his ex-wife, should pay for his misconduct in wrongfully

19  attempting to avoid his support obligations to the wife he left behind.

20  DATED: December 7, 2011

                                 REID & HELLYER
                                 A PROFESSIONAL CORPORATION

21

22                                By:

23                                   DOUGLAS A. PLAZAK
                                 SCOTT TALKOV
                                 Attorneys for Creditor Kathryn Ehrgott

24

25     [48] *Id.* at 626.

26     [49] *Id.* at 624. Much like this case, the court in Busch noted that the wife had incurred $199,575.82 in litigation

27  with the debtor, which the court was not surprised by, "considering that following the entry of the divorce decree,
Debtor commented that he would never pay a dime of the obligations." *Id.*

28     [50] *Id.*

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

# DECLARATION OF SCOTT TALKOV

I, Scott Talkov, declare:

1.      I am an attorney duly licensed to practice in all of the courts of the State of California and am an associate of Reid & Hellyer, attorneys of record for Kathryn Ehrgott herein.  The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2.      Attached hereto as Exhibit 1 is the Amended Schedule I of Matthew Ashworth filed on June 30, 2011 in this bankruptcy.

3.      Attached hereto as Exhibit 2 is the voluntary bankruptcy petition of Matthew Ashworth filed on January 21, 2011 in this bankruptcy.

4.      Since the transcript of the Deposition of Matthew Ashworth that occurred on October 27, 2011 is nearly 400 page in length, it is not attached hereto. I will gladly provide the transcript to the Court upon request. Debtor has certified that no changes are necessary to his deposition transcript.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 7, 2011, at Riverside, California.

_____
Scott Talkov

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1

2

3                               **<u>Exhibit 1</u>**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

Filer's Name: <u>HESTON & HESTON, Attorneys at Law</u>
Street Address: <u>19700 Fairchild Rd., Suite 200</u>
<u>Irvine, CA 92612-2528</u>
Filer's Telephone No.: <u>949-222-1041</u>

Atty Name (if applicable): <u>RICHARD G. HESTON, ESQ.</u>
CA Bar No. (if applicable): <u>90738</u>
Atty Fax No. (if applicable): <u>(949) 222-1043</u>

In re: ASHWORTH, MATTHEW BANKS

Case No.: <u>8:11-bk-10946-RK</u>

Chapter 7 _____ 11 _____ 13 <u>X</u>

## AMENDED SCHEDULE(S) AND/OR STATEMENT(S)

A filing fee of $26.00 is required to amend any or all of Schedules "D" through "F." An addendum mailing list is also required as an attachment if creditors are being added to the creditors list. Is/are creditor(s) being added?    Yes _____    No <u>X</u>

Indicate below which schedule(s) and/or statement(s) is(are) being amended.

. A: ___    B ___    C ___    D ___    E ___    F ___    G ___    H ___    I <u>X</u>    J <u>X</u>

Statement of Social Security Number(s) ___    Statement of Financial Affairs ___

Statement of Intention ____    Other ____

**<u>NOTE</u>:** IT IS THE RESPONSIBILITY OF THE DEBTOR TO MAIL COPIES OF ALL AMENDMENTS TO THE TRUSTEE AND TO NOTICE ALL CREDITORS LISTED IN THE AMENDED SCHEDULE(S) AND TO COMPLETE AND FILE WITH THE COURT THE PROOF OF SERVICE ON THE BACK OF THIS PAGE.

I/We, <u>MATTHEW BANKS ASHWORTH</u>, the person(s) who subscribed to the foregoing Amended Schedule(s) and/or Statement(s) do hereby declare under penalty of perjury that the foregoing is true and correct.

DATED: <u>6|24|2011</u>

_Debtor Signature_
MATTHEW BANKS ASHWORTH

_Co-Debtor Signature_

** FOR COURT USE ONLY **

### ** SEE REVERSE SIDE **

B-1008 _Revised November 2003_

B-1008

B6I (Official Form 6I) (12/07)

In re  Matthew Banks Ashworth
_____
        **Debtor**

Case  8:11-bk-10946-RK
_____
              (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status:  Divorced | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | RELATIONSHIP(S): son, daughter | | AGE(S): 8, 5 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Regional Manager | |
| Name of Employer | US Bank | |
| How long employed | 2 yrs., 3 mos. | |
| Address of Employer | 800 Nicolet Mall | N.A. |
| | Minneapolis, MN 55402 | |

INCOME: (Estimate of average or projected monthly income at time case filed)

|  |  | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ 11,250.44 | $ N.A. |
| 2. | Estimated monthly overtime | $ 0.00 | $ N.A. |
| 3. | SUBTOTAL | $ 11,250.44 | $ N.A. |
| 4. | LESS PAYROLL DEDUCTIONS | | |
| | a. Payroll taxes and social security | $ 3,295.54 | $ N.A. |
| | b. Insurance | $ 1,095.78 | $ N.A. |
| | c. Union Dues | $ 0.00 | $ N.A. |
| | d. Other (Specify: Support garnish ($600); 401(k) $450.02; United Way $41.68 | $ 1,091.70 | $ N.A. |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | $ 5,483.02 | $ N.A. |
| 6. | TOTAL NET MONTHLY TAKE HOME PAY | $ 5,767.42 | $ N.A. |
| 7. | Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ N.A. |
| 8. | Income from real property | $ 0.00 | $ N.A. |
| 9. | Interest and dividends | $ 0.00 | $ N.A. |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ N.A. |
| 11. | Social security or other government assistance (Specify) | $ 0.00 | $ N.A. |
| 12. | Pension or retirement income | $ 0.00 | $ N.A. |
| 13. | Other monthly income (Specify) | $ 0.00 | $ N.A. |
| | | $ 0.00 | $ N.A. |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ N.A. |
| 15. | AVERAGE MONTHLY INCOME (Add amounts shown on Lines 6 and 14) | $ 5,767.42 | $ N.A. |
| 16. | COMBINED AVERAGE MONTHLY INCOME (Combine column totals from line 15) | $ 5,767.42 | |

(Report also on Summary of Schedules and, if applicable,
on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

None
_____
_____
_____

B6J (Official Form 6J) (12/07)

In re  Matthew Banks Ashworth                                    Case No.   8:11-bk-10946-RK
_____                                              _____
             Debtor                                                         (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $    1,300.00 |
|     a. Are real estate taxes included? | Yes _____ No ✓ | |
|     b. Is property insurance included? | Yes _____ No ✓ | |
| 2. Utilities: a. Electricity and heating fuel | | $    0.00 |
|     b. Water and sewer | | $    0.00 |
|     c. Telephone | | $    0.00 |
|     d. Other  Cellular (110); Internet (30) | | $    140.00 |
| 3. Home maintenance (repairs and upkeep) | | $    0.00 |
| 4. Food | | $    550.00 |
| 5. Clothing | | $    200.00 |
| 6. Laundry and dry cleaning | | $    50.00 |
| 7. Medical and dental expenses | | $    100.00 |
| 8. Transportation (not including car payments) | | $    333.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $    25.00 |
| 10.Charitable contributions | | $    0.00 |
| 11.Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renter's | | $    18.00 |
|     b. Life | | $    16.88 |
|     c. Health | | $    0.00 |
|     d.Auto | | $    85.00 |
|     e. Other | | $    0.00 |
| 12.Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | | $    0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | | $    574.68 |
|     b. Other | | $    0.00 |
|     c. Other | | $    0.00 |
| 14. Alimony, maintenance, and support paid to others | | $    1,828.67 |
| 15. Payments for support of additional dependents not living at your home | | $    0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $    0.00 |
| 17. Other      Groom (29), TaxPrep (25), Visitation Trav (246) | | $    300.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17.  Report also on Summary of Schedules and, | | $    5,521.23 |

if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

None
_____
_____
_____

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
|     a. Average monthly income from Line 15 of Schedule I | $    5,767.42 |
|     b. Average monthly expenses from Line 18 above | $    5,521.23 |
|     c. Monthly net income (a. minus b.) | $    246.19 |

## PROOF OF SERVICE

I hereby certify that a copy of the Amendment(s) was(were) mailed to the Trustee and that notice
was given to the additional creditors listed.

DATED:  6/30/11 _____

Elmer Blanco _____
Print or Type Name

_____
*Signature*

(SEE ATTACHED MAILING LIST.)

Amrane Cohen
770 The City Drive South
Suite 3300
Orange, CA 92868

Office of the United States Trustee (SA)
411 West Fourth Street
Suite 9041
Santa Ana, CA 92701

B-1008 *Revised November 2003*

1

2

3

4

**<u>Exhibit 2</u>**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

B1 (Official Form 1) (4/10)

| United States Bankruptcy Court<br>Central District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Ashworth, Matthew Banks | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>None | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): 4363 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State)<br>668 N. Coast Highway #1350<br>Laguna Beach, CA<br>ZIPCODE 92651 | Street Address of Joint Debtor (No. and Street, City, and State<br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>Orange | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIPCODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other<br>N.A.<br>**Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code) | ☐ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☑ Chapter 13<br>☐ Chapter 15 Petition for<br>Recognition of a Foreign<br>Main Proceeding<br>☐ Chapter 15 Petition for<br>Recognition of a Foreign<br>Nonmain Proceeding |

| | **Nature of Debts**<br>(Check one box) |
|---|---|
| | ☑ Debts are primarily consumer debts, defined in 11 U.S.C. §101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☐ Debts are primarily business debts |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals only)  Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D)<br>☐ Debtor is not a small business as defined in 11 U.S.C. § 101(51D)<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1000-5000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Bankruptcy2010©1991-2010, New Hope Software, Inc., ver. 4.5.9-755 - 31534-302Y-05410 - Acrobat PDFWriter

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): Matthew Banks Ashworth |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed: NONE | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: N.A. | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: NONE | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

<table>
<tr>
<td>

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

</td>
<td>

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X    /s/ Richard G. Heston, Esq.      1/21/11
    Signature of Attorney for Debtor(s)      Date

</td>
</tr>
</table>

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
#### (Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United Sates in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
#### (Check all applicable boxes)

☐ Landlord has a judgment for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable non bankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| B1 (Official Form 1) (4/10) | Page 3 |
|---|---|

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>Matthew Banks Ashworth |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** /s/ Matthew Banks Ashworth
　　Signature of Debtor

**X**＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　Signature of Joint Debtor

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Telephone Number (If not represented by attorney)

　　1/21/11
　　Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐　　I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by § 1515 of title 11 are attached.

☐　　Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X**＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　(Signature of Foreign Representative)

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　(Printed Name of Foreign Representative)

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　(Date)

### Signature of Attorney*

**X**　/s/ Richard G. Heston, Esq.
　　Signature of Attorney for Debtor(s)

　　RICHARD G. HESTON, ESQ. 90738
　　Printed Name of Attorney for Debtor(s)

　　Heston & Heston, Attorneys At Law
　　Firm Name

　　19700 Fairchild Road, Suite 200
　　Address

　　Irvine, CA 92612

　　(949) 222-1041    rheston@hestonlaw.com
　　Telephone Number　　　　　　e-mail

　　1/21/11
　　Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, 2) I prepared this document for compensation, and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. § 110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Printed Name and title, if any, of Bankruptcy Petition Preparer

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Address

**X**＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X**＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　Signature of Authorized Individual

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　Printed Name of Authorized Individual

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　Title of Authorized Individual

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　Date

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number

Richard G. Heston, Esq. 90738
19700 Fairchild Road, Suite 200
Irvine, CA 92612
Tele: (949)222-1041 Fax: (949) 222-1043
☒ Attorney for: Debtor

FOR COURT USE ONLY

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re: Matthew Banks Ashworth

Debtor(s).

CASE NO.:

CHAPTER: 13

ADV. NO.:

## ELECTRONIC FILING DECLARATION
### (INDIVIDUAL)

☒ Petition, statement of affairs, schedules or lists
☐ Amendments to the petition, statement of affairs, schedules or lists
☐ Other: _____

Date Filed: 1/21/11
Date Filed: _____
Date Filed: _____

## PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY

I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California. If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a *Statement of Social Security Number(s)* (Form B21) and provided the executed original to my attorney.

_____
Signature of Signing Party

Matthew Banks Ashworth
_____
Printed Name of Signing Party

Date: 1/21/11

_____
Signature of Joint Debtor (if applicable)

_____
Printed Name of Joint Debtor (if applicable)

Date: _____

## PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY

I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the *Declaration of Debtor(s) or Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document available for review upon request of the Court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the *Statement of Social Security Number(s)* (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the *Statement of Social Security Number(s)* (Form B21) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the *Statement of Social Security Number(s)* (Form B21) available for review upon request of the Court.

_____
Signature of Attorney for Signing Party

Richard G. Heston, Esq.
_____
Printed Name of Attorney for Signing Party

Date: 1/21/11

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

November 2006

B1 D (Official Form 1, Exhibit D ) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Central District of California

In re ___Matthew Banks Ashworth_____
Debtor(s)

Case No._____
(if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B1 D (Official Form 1, Exh. D) (12/09) – Cont.                                                                                          Page 2

❒  3.  I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.  *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case.  Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❒  4.  I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
      ❒  Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
      ❒  Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.)**;**
      ❒  Active military duty in a military combat zone.

❒  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  _____/s/ Matthew Banks Ashworth_____
                              MATTHEW BANKS ASHWORTH

Date: _____1/21/11_____

## STATEMENT OF RELATED CASES

### INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1015-2

### UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    NONE

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    N/A

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    N/A

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    NONE

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at Irvine _____, California.

Dated 1/21/11 _____

/s/ Matthew Banks Ashworth _____
*Debtor*
MATTHEW BANKS ASHWORTH

_____
*Joint Debtor*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California

*Revised May 2004*

**F 1015-2.1**

BK-101

B 201 - Notice of Available Chapters (Rev. 12/08)                                                USBC, Central District of California

Name: <u>RICHARD G. HESTON  SBN: 90738</u>

Address: <u>19700 Fairchild Road, Suite 200</u>

<u>Irvine, CA 92612-2528</u>

Telephone: <u>(949) 222-1041</u>                    Fax: <u>(949) 222-1043</u>

[X] Attorney for Debtor
[ ] Debtor in Pro Per

---

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| List all names including trade names, used by Debtor(s) within last 8 years:<br>ASHWORTH, MATTHEW BANKS | Case No.: |
|---|---|
| | **NOTICE OF AVAILABLE CHAPTERS**<br><br>(Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code) |

---

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

1.   <u>**Services Available from Credit Counseling Agencies**</u>

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

CCD-B201

## 2.   The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7:   Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.
2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.
4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.
2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.
3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)
Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)
Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.   Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

B 201 - Notice of Available Chapters (Rev. 12/08)                                    USBC, Central District of California

## Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

_____                          _____
Printed name and title, if any, of Bankruptcy Petition Preparer                     Social Security number (If the bankruptcy petition
Address:                                                 preparer is not an individual, state the
                                                         Social Security number of the officer, principal,
                                                         responsible person, or partner of the bankruptcy
                                                         petition preparer.) (Required by 11 U.S.C. § 110.)
X _____
Signature of Bankruptcy Petition Preparer or officer,
principal, responsible person, or partner whose Social
Security number is provided above.

## Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

MATTHEW BANKS ASHWORTH_____                    /s/ Matthew Banks Ashworth    1/21/11____
Printed Name(s) of Debtor(s)                             Signature of Debtor           Date

Case No. (if known) _____                      X _____
                                                         Signature of Joint Debtor (if any)   Date

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Central District of California

In re   Matthew Banks Ashworth

_____
                                   Debtor

Case No.   _____

Chapter   ___13___

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

**AMOUNTS SCHEDULED**

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A – Real Property | YES | 1 | $ 0.00 | | |
| B – Personal Property | YES | 3 | $ 62,623.00 | | |
| C – Property Claimed as exempt | YES | 1 | | | |
| D – Creditors Holding Secured Claims | YES | 1 | | $ 20,584.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $ 13,976.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $ 333,216.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 6,367.42 |
| J - Current Expenditures of Individual Debtors(s) | YES | 1 | | | $ 5,521.23 |
| **TOTAL** | | 15 | $ 62,623.00 | $ 367,776.00 | |

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.9-755 - 31534-302Y-05410 - Acrobat PDFWriter

# United States Bankruptcy Court
### Central District of California

In re    Matthew Banks Ashworth

Debtor

Case No.

Chapter    13

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. §101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 13,976.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 13,976.00 |

**State the Following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 6,367.42 |
| Average Expenses (from Schedule J, Line 18) | $ 5,521.23 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR** Form 22C Line 20 ) | $ 11,250.44 |

**State the Following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 13,976.00 |
| 4. Total from Schedule F | | $ 333,216.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 347,192.00 |

In re   Matthew Banks Ashworth                                          Case No. _____
_____                                        _____
                    **Debtor**                                                          **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | Total | 0.00 | |

(Report also on Summary of Schedules.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.9-755 - 31534-302Y-05410 - Acrobat PDFWriter

In re  Matthew Banks Ashworth                                    Case No. _____
                    **Debtor**                                                      **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | | Cash on hand<br>In debtor's possession | | 100.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking account maintained at Union Bank<br>Health Savings Account<br>US Bank Health Savings Account<br><br>Savings account maintained at Union Bank<br>US Bank Checking<br>In debtor's posession | | 200.00<br>1,261.00<br><br>600.00<br>20.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | | Security deposit maintained at Landlord of $1,250<br>Trevor Paul<br>565 Temple Hills Drive<br>Laguna Beach, CA 92651 | | 0.00 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | Home furnishings, appliances, etc.<br>In debtor's possession | | 1,000.00 |
| 5.  Books. Pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Books, pictures, etc.<br>In debtor's possession | | 250.00 |
| 6.  Wearing apparel. | | Clothing and apparel<br>In debtor's possession | | 750.00 |

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.9-755 - 31534-302Y-05410 - Acrobat PDFWriter

In re    Matthew Banks Ashworth                                    Case No. _____
_____                                      _____
              **Debtor**                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 7. Furs and jewelry. | | Jewelry<br>In debtor's possession | | 250.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | Sports and other hobby equiment<br>In debtor's possession | | 750.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | | Future Scholar 529 College Savings Plan | | 6,880.00 |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | 401(k) Savings Plan maintained through US Bank<br>401(k) Plan maintained through Regions Financial<br>Pension and long term incentives/compensation with US Bank<br>Not vested | | 17,193.00<br>6,922.00<br>0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlement to which the debtor is or may be entitled. Give particulars. | | Overpayment of Child Support | | 5,000.00 |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.9-755 - 31534-302Y-05410 - Acrobat PDFWriter

In re   Matthew Banks Ashworth                                    Case No. _____
_____                                       _____
          Debtor                                                        (If known)

# SCHEDULE B - PERSONAL PROPERTY

## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 20.  Contingent and noncontingent interests in estate or a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims.  Give estimated value of each. | X | | | |
| 22.  Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23.  Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | | 2008 Mini Cooper S In debtor's possession | | 21,447.00 |
| 26.  Boats, motors, and accessories. | X | | | |
| 27.  Aircraft and accessories. | X | | | |
| 28.  Office equipment, furnishings, and supplies. | X | | | |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested.  Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_____0_____   continuation sheets attached     Total     $     62,623.00

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.9-755 - 31534-302Y-05410 - Acrobat PDFWriter

B6C (Official Form 6C)  (04/10)

In re  Matthew Banks Ashworth _____  Case No. _____
                    **Debtor**                                                            **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐  11 U.S.C. § 522(b)(2)                    ☐  Check if debtor claims a homestead exemption that exceeds
☑  11 U.S.C. § 522(b)(3)                        $146,450*.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Cash on hand | C.C.P. 703.140(b)(5) | 100.00 | 100.00 |
| Security deposit maintained at Landlord of $1,250 | C.C.P. 703.140(b)(5) | 0.00 | 0.00 |
| Home furnishings, appliances, etc. | C.C.P. 703.140(b)(3) | 1,000.00 | 1,000.00 |
| Clothing and apparel | C.C.P. 703.140(b)(3) | 750.00 | 750.00 |
| Jewelry | C.C.P. 703.140(b)(4) | 250.00 | 250.00 |
| Books, pictures, etc. | C.C.P. 703.140(b)(3) | 250.00 | 250.00 |
| Sports and other hobby equiment | C.C.P. 703.140(b)(3) | 750.00 | 750.00 |
| 2008 Mini Cooper S | C.C.P. 703.140(b)(2) | 863.00 | 21,447.00 |
| 401(k) Savings Plan maintained through US Bank | C.C.P. 703.140(b)(10)(E) | 17,193.00 | 17,193.00 |
| 401(k) Plan maintained through Regions Financial | C.C.P. 703.140(b)(10)(E) | 6,922.00 | 6,922.00 |
| Future Scholar 529 College Savings Plan | C.C.P. 703.140(b)(5) | 6,880.00 | 6,880.00 |
| Health Savings Account | C.C.P. 703.140(b)(5) | 1,261.00 | 1,261.00 |
| Overpayment of Child Support | C.C.P. 703.140(b)(5) | 5,000.00 | 5,000.00 |
| Savings account maintained at Union Bank | C.C.P. 703.140(b)(5) | 0.00 | 600.00 |
| US Bank Checking | C.C.P. 703.140(b)(5) | 20.00 | 20.00 |
| Total exemptions claimed: | | 41,239.00 | |

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2010©1991-2010, New Hope Software, Inc., ver. 4.5.9-755 - 31534-302Y-05410 - Acrobat PDFWriter

**B6D (Official Form 6D) (12/07)**

In re ___Matthew Banks Ashworth_____,    Case No. _____

Debtor

(If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

     State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

     List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

     If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

     If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

     Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 1632 <br><br> Mini Financial Services <br> Regional Services Center <br> PO Box 3608 <br> Dublin, OH 43016-0306 | | | Incurred: 9/2008 <br> Lien: PMSI in vehicle < 910 days <br> Security: 2008 Mini Cooper S <br><br> VALUE $     21,447.00 | | | | 20,584.00 | 0.00 |
| ACCOUNT NO. <br><br><br><br> | | | <br><br> VALUE $ | | | | | |
| ACCOUNT NO. <br><br><br><br> | | | <br><br> VALUE $ | | | | | |

___0___ continuation sheets attached

Subtotal ► (Total of this page)    $   20,584.00    $   0.00

Total ► (Use only on last page)    $   20,584.00    $   0.00

(Report also on Summary of Schedules)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.9-755 - 31534-302Y-05410 - Acrobat PDFWriter

B6E (Official Form 6E) (04/10)

In re _____Matthew Banks Ashworth_____,    Case No._____
　　　　　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of  priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule.  Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐　Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☑　**Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐　**Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐　**Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐　**Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6E (Official Form 6E) (04/10) - Cont.

In re__Matthew Banks Ashworth_____,    Case No._____
                        Debtor                                                                       (if known)

☐    **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐    **Deposits by individuals**

    Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐    **Taxes and Certain Other Debts Owed to Governmental Units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐    **Commitments to Maintain the Capital of an Insured Depository Institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐    **Claims for Death or Personal Injury While Debtor Was Intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

    * Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

                                  1
                         _____ **continuation sheets attached**

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.9-755 - 31534-302Y-05410 - Acrobat PDFWriter

B6E (Official Form 6E) (04/10) - Cont.

In re   Matthew Banks Ashworth_____,          Case No. _____
                          **Debtor**                                                          **(If known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)      Sec. 507(a)(1)

Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above..)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Kathryn Ehrgott<br>10010 Harbour Pines Court<br>Indianapolis, IN 46256 | | | Incurred: 2008-2009<br>Consideration: Child Support Arrearage | | | | 13,976.00 | 0.00 | 13,976.00 |
| ACCOUNT NO.<br><br> | | | | | | | | | |
| ACCOUNT NO.<br><br> | | | | | | | | | |
| ACCOUNT NO.<br><br> | | | | | | | | | |

Sheet no. __1__ of __1__ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotal<br>(Totals of this page) | $  13,976.00 | $               $ |

Total ➤ $  13,976.00
(Use only on last page of the completed Schedule E.)  Report also on the Summary of Schedules)

Totals ➤ $     | $  0.00 | $  13,976.00
(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.9-755 - 31534-302Y-05410 - Acrobat PDFWriter

B6F (Official Form 6F) (12/07)

In re __Matthew Banks Ashworth_____,      Case No. _____
         **Debtor**                                                                                          **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  3968<br><br>Chase Visa<br>PO Box 15298<br>Wilmington, DE 19850-5298 | | | Incurred: 2009-2010<br>Consideration: Credit Card Debt<br>(Unsecured) | | | | 7,659.00 |
| ACCOUNT NO.<br><br>Dennis F. McCrosson, III<br>McCrosson & Associates, PC<br>6249 S. East St., Ste. A<br>Indianapolis, IN 46227-2089 | | | Incurred: 2009<br>Consideration: Court awarded attorney's fees | | | | 1,700.00 |
| ACCOUNT NO.  9877<br><br>FIA Card Services<br>PO Box 15026<br>Wilmington, DE 19850-5026 | | | Incurred: 2004-2010<br>Consideration: Credit Card Debt<br>(Unsecured) | | | | 21,877.00 |
| ACCOUNT NO.<br><br>Kathryn Ehrgott<br>10010 Harbour Pines Court<br>Indianapolis, IN 46256 | | | Incurred: 2006<br>Consideration: Divorce Property Settlement | | | | 259,100.00 |

_1_____continuation sheets attached

Subtotal ➤    $    290,336.00

Total ➤    $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   Matthew Banks Ashworth                              ,          Case No. _____
              **Debtor**                                                              **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  0001 <br><br> Kevin A. Hoover <br> Hill Fulwider <br> 211 N Pennsylvania St., Ste 2000 <br> Indianapolis, IN 46024-2031 | | | Incurred: 2010 <br> Consideration: Attorney fees | | | | 11,549.00 |
| ACCOUNT NO.  0233 <br><br> Knox County Chancery Court <br> 400 Main Street, Rm 123-125 <br> Knoxville, TN 37902 | | | Incurred: 2010 <br> Consideration: Court awarded court costs | | | | 358.00 |
| ACCOUNT NO. <br><br> Lockridge Valone LLC <br> 625 South Gay Street <br> Suite 625 <br> Knoxville, TN 37902 | | | Incurred: 2006-2010 <br> Consideration: Divorce Property Settlement - Attorney Fees | | | | 17,000.00 |
| ACCOUNT NO.  27123 <br><br> Toppenberg & Burke, P.C. <br> 612 S. Gay Street, Suite 1 <br> Knoxville, TN 37902 | | | Consideration: Credit Card Debt (Unsecured) | | | | 3,573.00 |
| ACCOUNT NO.  3271 <br><br> US Bank <br> PO Box 6352 <br> Fargo, ND 58125-6352 | | | Incurred: 2008-2010 <br> Consideration: Credit Card Debt (Unsecured) | | | | 10,400.00 |

Sheet no. __1__ of __1__ continuation sheets attached                                 Subtotal ▶   $   42,880.00
to Schedule of Creditors Holding Unsecured
Nonpriority Claims                                                                         Total ▶   $  333,216.00

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6G (Official Form 6G) (12/07)

In re  Matthew Banks Ashworth _____  Case No. _____
                        **Debtor**                                              **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

In re   Matthew Banks Ashworth                                    Case No. _____
                    **Debtor**                                                              **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. Bankr. P. 1007(m).

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.9-755 - 31534-302Y-05410 - Acrobat PDFWriter

B6I (Official Form 6I) (12/07)

In re  Matthew Banks Ashworth _____    Case _____

         **Debtor**                                                                           **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status:    Divorced | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): son, daughter | AGE(S): 8, 5 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Regional Manager | |
| Name of Employer | US Bank | |
| How long employed | 2 yrs., 3 mos. | |
| Address of Employer | 800 Nicolet Mall | N.A. |
| | Minneapolis, MN 55402 | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ 11,250.44 | $ | N.A. |
| 2. | Estimated monthly overtime | $ 0.00 | $ | N.A. |
| 3. | SUBTOTAL | $ 11,250.44 | $ | N.A. |
| 4. | LESS PAYROLL DEDUCTIONS | | | |
| | a. Payroll taxes and social security | $ 3,295.54 | $ | N.A. |
| | b. Insurance | $ 1,095.78 | $ | N.A. |
| | c. Union Dues | $ 0.00 | $ | N.A. |
| | d. Other (Specify: 401(k) $450.02; United Way $41.68 ) | $ 491.70 | $ | N.A. |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | $ 4,883.02 | $ | N.A. |
| 6.. | TOTAL NET MONTHLY TAKE HOME PAY | $ 6,367.42 | $ | N.A. |
| 7. | Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ | N.A. |
| 8. | Income from real property | $ 0.00 | $ | N.A. |
| 9. | Interest and dividends | $ 0.00 | $ | N.A. |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ | N.A. |
| 11. | Social security or other government assistance ( Specify) | $ 0.00 | $ | N.A. |
| 12. | Pension or retirement income | $ 0.00 | $ | N.A. |
| 13. | Other monthly income (Specify) | $ 0.00 $ 0.00 | $ | N.A. N.A. |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ | N.A. |
| 15. | AVERAGE MONTHLY INCOME (Add amounts shown on Lines 6 and 14) | $ 6,367.42 | $ | N.A. |
| 16. | COMBINED AVERAGE  MONTHLY INCOME  (Combine column totals from line 15) | | $ 6,367.42 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17.  Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

    None

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.9-755 - 31534-302Y-05410 - Acrobat PDFWriter

In re   Matthew Banks Ashworth _____    Case No. _____
_____
**Debtor**                                                                              **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 1,300.00 |
| a. Are real estate taxes included? | Yes _____ No __✓__ | |
| b. Is property insurance included? | Yes _____ No __✓__ | |
| 2. Utilities: a. Electricity and heating fuel | | $ 0.00 |
| b. Water and sewer | | $ 0.00 |
| c. Telephone | | $ 0.00 |
| d. Other  Cellular (110); Internet (30) | | $ 140.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 0.00 |
| 4. Food | | $ 550.00 |
| 5. Clothing | | $ 200.00 |
| 6. Laundry and dry cleaning | | $ 50.00 |
| 7. Medical and dental expenses | | $ 100.00 |
| 8. Transportation (not including car payments) | | $ 333.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 25.00 |
| 10. Charitable contributions | | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | | $ 18.00 |
| b. Life | | $ 16.88 |
| c. Health | | $ 0.00 |
| d. Auto | | $ 85.00 |
| e. Other_____ | | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify)_____ | | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | | $ 574.68 |
| b. Other _____ | | $ 0.00 |
| c. Other _____ | | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ 1,828.67 |
| 15. Payments for support of additional dependents not living at your home | | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 0.00 |
| 17. Other  Groom (29), TaxPrep (25), Visitation Trav (246) | | $ 300.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17.  Report also on Summary of Schedules and, | | $ 5,521.23 |
| if applicable, on the Statistical Summary of Certain Liabilities and Related Data) | | |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

None
_____
_____
_____

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $ 6,367.42 |
| b. Average monthly expenses from Line 18 above | $ 5,521.23 |
| c. Monthly net income (a. minus b.) | $ 846.19 |

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.9-755 - 31534-302Y-05410 - Acrobat PDFWriter

Matthew Banks Ashworth

In re _____    Case No. _____
                     **Debtor**                                              **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ____17____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date __1/21/11_____     Signature: ___/s/ Matthew Banks Ashworth_____
                                                                                  **Debtor:**

Date _____     Signature: _____Not Applicable_____
                                                                           **(Joint Debtor, if any)**

[If joint case, both spouses must sign.]

-------------------------------------------------------------------------------------------------------------------------

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____    _____
Printed or Typed Name and Title, if any,                                  Social Security No.
of Bankruptcy Petition Preparer                              *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____

_____
Address

X _____    _____
    Signature of Bankruptcy Petition Preparer                                        Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

-------------------------------------------------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____sheets *(total shown on summary page plus 1),* and that they are true and correct to the best of my knowledge, information, and belief.

Date _____    Signature: _____

                                                                        _____
                                                                        (Print or type name of individual signing on behalf of debtor.)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

-------------------------------------------------------------------------------------------------------------------------

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.*

B7 (Official Form 7) (04/10)

UNITED STATES BANKRUPTCY COURT
Central District of California

In Re  Matthew Banks Ashworth _____        Case No. _____
                                                                            (if known)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

_____

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | AMOUNT | SOURCE |
|---|---|---|
| 2010 | 133,136 | Earnings |
| 2009 | 134,396 | Earnings |
| 2008 | 168,773 | Earnings |

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.9-755 - 31534-302Y-05410 - Acrobat PDFWriter

---

**2.    Income other than from employment or operation of business**

None    State the amount of income received by the debtor other than from employment, trade, profession, or
☐    operation of the debtor's business during the two years immediately preceding the commencement of this case.
Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing
under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless
the spouses are separated and a joint petition is not filed.)

|        | AMOUNT | SOURCE                              |
|--------|--------|-------------------------------------|
| 2010   | 100    | Interest/Dividend                   |
| 2009   | 6,176  | Consulting Fee, Interest, Dividends |

---

None    **3.  Payments to creditors**
☐
*Complete a. or b., as appropriate, and c.*

*a. Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases
of goods or services, and other debts to any creditor made within 90 days immediately preceding the
commencement of this case unless the aggregate value of all property that constitutes or is affected by such
transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of
a domestic support obligation or as  part of an alternative repayment schedule under a plan by an approved
nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13
must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are
separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| US Bank Visa<br>PO Box 6352<br>Fargo, ND 58125-6352 | 12/1;11/22;10/29/2010; 1/2011 | $2,029.07 | $10,400 |
| FIA Card Services - Regions visa<br>PO Box 15026<br>Wilmington, DE 19850 | 12/2; 11/2; 10/4/2010 | $1,276.79 | $21,450 |
| Doug Toppenberg<br>612 S Gay Street, Suite I<br>Knoxville, TN 37902 | 9/30/2010 | $1,200 | $3,000 approx. |
| Mini Financial Services<br>Regional Service Center<br>PO Box 3608<br>Dublin, OH 43016-0306 | 12/2; 11/2; 10/4/2010; 1/7/11 | $2,400.00 | $20,584 |
| Kevin a. Hoover<br>Hill Fulwider<br>211 N Pennsylvania St., Ste 2000<br>Indianapolis, IN 46024-2031 | 12/2/2010 | $2,500 | $11,549 |

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5-9-755 - 31534-302Y-05410 - Acrobat PDFWriter

None
☒

*b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*)  any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative   repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after date of adjustment.*

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

None
☒

*c. All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a.       List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
| --- | --- | --- | --- |
| In re Marriage of Ashworth | Modification of Child Support | Marion County Superior Court Indianapolis, IN | Pending |
| In re Marriage of Ashworth | Contempt Motion Pending | Knox County Chancery Court Knoxville, TN | Pending |
| In re Marriage of Ashworth | Request to terminate alimony | Knox County Chancery Court Knoxville, TN | 7/9/10 - Summary Judgment - alimony not reduced or terminated |

---

None  b.    Describe all property that has been attached, garnished or seized under any legal or equitable process
☐    within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter
12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint
petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF<br>PERSON FOR WHOSE BENEFIT<br>PROPERTY WAS SEIZED | DATE OF<br>SEIZURE | DESCRIPTION AND<br>VALUE OF PROPERTY |
|---|---|---|
| Kathryn Ehrgott<br>10010 Harbour Pines Court<br>Indianapolis, IN 46256 | Monthly beginning<br>4/2009 | Payroll Garnishment for<br>Child Support |

---

**5.    Repossessions, foreclosures and returns**

None        List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a
☒    deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement
of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning
property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
joint petition is not filed.)

| NAME AND<br>ADDRESS OF<br>CREDITOR OR SELLER | DATE OF REPOSESSION,<br>FORECLOSURE SALE,<br>TRANSFER OR RETURN | DESCRIPTION AND<br>VALUE OF PROPERTY |
|---|---|---|

---

**6.    Assignments and Receiverships**

None  a.    Describe any assignment of property for the benefit of creditors made within 120 days immediately
☒    preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include
any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated
and a joint petition is not filed.)

| NAME AND<br>ADDRESS<br>OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF<br>ASSIGNMENT<br>OR SETTLEMENT |
|---|---|---|

None  b.    List all property which has been in the hands of a custodian, receiver, or court-appointed official within
☒    one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or
chapter 13 must include information concerning property of either or both spouses whether or not a joint petition
is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND<br>ADDRESS<br>OF CUSTODIAN | NAME AND LOCATION<br>OF COURT CASE TITLE<br>& NUMBER | DATE OF<br>ORDER | DESCRIPTION AND<br>VALUE OF PROPERTY |
|---|---|---|---|

**7.  Gifts**

None

☐       List all gifts or charitable contributions made within one year immediately preceding the commencement of this case, except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| Paul Cecere | Domestic partner | 12/23/2009 | Gas Grill Value:  $800 |
| Paul Cecere | Domestic partner | 2/15/2010 | Watch Value:  $495 |
| United Way | Charity | Monthly | Cash contribution Value:  $42 per month |
| Goodwill | Charity | Various household items | Value:  Approx. $150 |

**8.  Losses**

None

☒       List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES, AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9.  Payments related to debt counseling or bankruptcy**

None

☐       List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Richard G. Heston Heston & Heston, Attorneys at Law 19700 Fairchild Road, Suite 200 Irvine, CA 92612 | 12/7; 10/15; 9/3/2010 | $5,029.20 (includes filing fee) |

**10.  Other transfers**

None

☐

a.    List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Unrelated parties<br>Relationship: None | Various | Garage sale, sold various household items (clothing, books, kitchen items, etc)<br>Value:  $250 |

b.   List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

None

☒

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11.  Closed financial accounts**

None

☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| US Bank<br>Laguna Beach, CA | Savings account 8059<br> Closing Balance: $600 | 1/3/11 |
| US Bank<br>Laguna Beach, CA | Savings account held for minor child 2219<br><br> Closing Balance: $350 | 1/3/11 |
| US Bank<br>Laguna Beach, CA | Savings account held for minor child 2201<br> Closing Balance: $375 | 1/3/11 |

**12. Safe deposit boxes**

None ☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.    (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.    (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ☐

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| Hayden G. Ashworth 10010 Harbour Pines Court Indianapolis, IN 46256 | Custodian on minor's savings account Value:  $300.56 | Union Bank |
| Georgeanna K. Ashworth 10010 Harbour Pines Court Indianapolis, IN 46256 | Custodian on minor's savings account Value: $325.59 | Union Bank |

**15. Prior address of debtor**

None ☐

If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 416 1/2 Fernleaf Avenue Corona del Mar, CA 92625 | Matthew Ashworth | 9/2009 to 7/2010 |
| 32622 Azores Road Dana Point, CA | Matthew Ashworth | 9/2008 to 9/2009 |

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 1815 Elmhurst Way<br>Knoxville, TN | Matthew Ashworth | 8/2005 to 9/2008 |

**16.  Spouses and Former Spouses**

None
☐

    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

             NAME

Kathryn Elizabeth
Selick, fka Kathryn
Ehrgott
Former spouse

**17.  Environmental Sites**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

    "Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

    "Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
☒

a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME<br>AND ADDRESS | NAME AND ADDRESS<br>OF GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☒

| SITE NAME<br>AND ADDRESS | NAME AND ADDRESS<br>OF GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None
☒

    c.     List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18. Nature, location and name of business**

None
☒

    a.     If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or  was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity  securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
☒

    b.     Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

## [Questions 19 - 25 are not applicable to this case]

\*   \*   \*   \*   \*   \*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date ___1/21/11___                    Signature    ___/s/ Matthew Banks Ashworth___
                                      of Debtor
                                                  MATTHEW BANKS ASHWORTH

___0___ continuation sheets attached

***Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §152 and 3571***

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and required under 11U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.

_____        _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer        Social Security No. (Required by 11 U.S.C. § 110(c).)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
Address

X_____        _____
Signature of Bankruptcy Petition Preparer                              Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. §156.***

B203
12/94

# United States Bankruptcy Court
### Central District of California

In re  Matthew Banks Ashworth

Case No. _____

Chapter _____13_____

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s)
and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services
rendered or to be rendered on behalf  of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow s:

For legal services, I have agreed to accept .......…………………………..... $  4,000.00

Prior to the filing of this statement I have received ........…………….......... $  4,000.00

Balance Due ........................……………………………….................... $  0.00

2.  The source of compensation paid to me was:

☑ Debtor        ☐ Other (specify)

3.  The source of compensation to be paid to me is:

☑ Debtor        ☐ Other (specify)

4.  ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and
associates of my law firm.

☐  I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates
of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d. [Other provisions as needed]

See Rights and Responsibilities Agreement and subject to the Chapter 13 Plan.

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5-9-755 - 31534-302Y-05410 - Acrobat PDFWriter

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the
debtor(s) in the bankruptcy proceeding.

1/21/11 _____

*Date*

/s/ Richard G. Heston, Esq. _____

*Signature of Attorney*

Heston & Heston, Attorneys At Law _____

*Name of law firm*

February 2006                                                2006 USBC Central District of California

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re  ASHWORTH, MATTHEW BANKS | CHAPTER: 13 |
| Debtor(s). | CASE NO.: |

# DEBTOR'S CERTIFICATION OF EMPLOYMENT INCOME
## PURSUANT TO 11 U.S.C. § 521(a)(1)(B)(iv)

Please fill out the following blank(s) and check the box next to <u>one</u> of the following statements:

I, <u>MATTHEW BANKS ASHWORTH</u>                          , the debtor in this case, declare under penalty
         *(Print Name of Debtor)*

of perjury under the laws of the United States of America that:

[X]  I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the
     60-day period prior to the date of the filing of my bankruptcy petition.
     *(NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)*

[ ]  I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received
     no payment from any other employer.

[ ]  I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

I, _____ , the debtor in this case, declare under penalty of
        *(Print Name of Joint Debtor, if any)*

perjury under the laws of the United States of America that:

[ ]  I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for
     the 60-day period prior to the date of the filing of my bankruptcy petition.
     *(NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)*

[ ]  I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received
     no payment from any other employer.

[ ]  I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.


Date  <u>1/21/11</u>                          Signature  <u>/s/ Matthew Banks Ashworth</u>
                                                 *Debtor*
                                   ASHWORTH, MATTHEW BANKS

Date  _____          Signature  _____
                                        *Joint Debtor (if any)*

CCD-521

**US bank.**
Five Star Service Guaranteed (C)

Matthew Ashworth

US Bank National Assoc

4000 W Broadway

Robbinsdale, MN 55422

Print This Advice

View a Different Paycl

| | |
|---|---|
| Net Pay: | $2,096.60 |
| Pay Period: | 11/16/2010 - 11/30/201 |
| Check Date: | 11/30/2010 |
| Vacation Remaining: | 52.00 |

| Employee ID: | 395435 | Pay Group: | Salary |
|---|---|---|---|
| Address: | 668 N. Coast Highway | Department: | 3000005631 - SMBUS-LOS ANGELES |
| | Suite 1350 | Location Code: | LM-CA-GL2S |
| | Laguna Beach, CA 92651 | Job Title: | SBB Regional Sales Manager 1 |

### Paycheck Summary

| | Gross Earnings | Fed Taxable Gross | Total Taxes | Total Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 5,625.22 | 5,250.32 | 1,647.77 | 1,880.85 | 2,096.60 |
| YTD | 155,153.81 | 146,179.33 | 55,213.27 | 48,338.29 | 51,602.25 |

### Earnings

| Description | Hours | Rate | Amount | YTD Amount |
|---|---|---|---|---|
| Regular | 78.67 | 64.903846 | 5,105.99 | 113,834.95 |
| 11/13 Holiday Py | 8.00 | 64.903846 | 519.23 | 1,038.46 |
| Stock Opti | | | | 5,141.40 |
| Vacation | | | | 8,048.07 |
| RstStkDiv | | | | 250.55 |
| Rest Stk | | | | 5,340.38 |
| Annual Inc | | | | 19,000.00 |
| LT Cash | | | | 2,500.00 |
| **Total:** | **86.67** | | **5,625.22** | **155,153.81** |

### Taxes

| Description | Amount | YTD Amount |
|---|---|---|
| Fed Withholdng S-1 | 1,141.48 | 32,778.36 |
| Fed MED/EE | 79.40 | 2,201.92 |
| Fed OASDI/EE | | 6,621.60 |
| CA Withholdng S-1 | 426.89 | 12,584.91 |
| CA OASDI/EE | | 1,026.48 |
| **Total:** | **1,647.77** | **55,213.27** |

### Before-Tax Deductions

| Description | Amount | YTD Amount |
|---|---|---|
| Health | 42.50 | 935.00 |
| Dental | 16.25 | 357.50 |
| AD&D | 1.00 | 22.00 |
| 401(k) | 225.01 | 5,676.90 |
| HSA | 100.00 | 2,200.00 |
| Purch Vac | 104.17 | 2,291.74 |
| **Total:** | **488.93** | **11,483.14** |

### After Tax Deductions

| Description | Amount | YTD Amount |
|---|---|---|
| Garnishment %-Child | 1,328.22 | 29,220.84 |
| NetStk/Opt | | 6,232.91 |
| United Way | 20.84 | 458.48 |
| Health DP | 22.00 | 484.00 |
| Dental DP | 5.75 | 126.50 |
| Dep Life | 0.75 | 16.50 |
| LTD | 14.36 | 315.92 |
| **Total:** | **1,391.92** | **36,855.15** |

### Employer-Paid Benefit Subsidy

| Description | Amount | YTD Amount |
|---|---|---|
| Health | 215.25 | 4,735.50 |
| Dental | 14.00 | 308.00 |
| Health DP* | 96.50 | 2,123.00 |
| Dental DP* | 5.50 | 121.00 |
| EE TermLif | 3.01 | 68.20 |
| EE TermLif* | 4.68 | 102.96 |
| LTD* | 7.35 | 161.70 |
| * Taxable | | |
| **Total:** | **346.29** | **7,620.36** |

### Net Pay Distribution

| Payment Type | Paycheck Number | Account Type | Account Number | Amount |
|---|---|---|---|---|
| Direct Deposit | 6332648 | Checking | ********1162 | 2,096.60 |

**US bank**
Five Star Service Guaranteed (logo)

Matthew Ashworth

US Bank National Assoc

4000 W Broadway

Robbinsdale, MN 55422

Print This Advice

View a Different Paycl

| | |
|---|---|
| Net Pay: | $2,096.61 |
| Pay Period: | 11/01/2010 - 11/15/201 |
| Check Date: | 11/15/2010 |

| | | | |
|---|---|---|---|
| Employee ID: | 395435 | Pay Group: | Salary |
| Address: | 668 N. Coast Highway | Department: | 3000005631 - SMBUS-LOS ANGELES |
| | Suite 1350 | Location Code: | LM-CA-GL2S |
| | Laguna Beach, CA 92651 | Job Title: | SBB Regional Sales Manager 1 |

### Paycheck Summary

| | Gross Earnings | Fed Taxable Gross | Total Taxes | Total Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 5,625.22 | 5,250.32 | 1,647.76 | 1,880.85 | 2,096.61 |

### Earnings

| Description | Hours | Rate | Amount |
|---|---|---|---|
| Regular | 86.67 | 64.903846 | 5,625.22 |
| Total: | 86.67 | | 5,625.22 |

### Taxes

| Description | Amount |
|---|---|
| Fed Withholdng S-1 | 1,141.48 |
| Fed MED/EE | 79.39 |
| CA Withholdng S-1 | 426.89 |
| Total: | 1,647.76 |

### Before-Tax Deductions

| Description | Amount |
|---|---|
| Health | 42.50 |
| Dental | 16.25 |
| AD&D | 1.00 |
| 401(k) | 225.01 |
| HSA | 100.00 |
| Purch Vac | 104.17 |
| Total: | 488.93 |

### After Tax Deductions

| Description | Amount |
|---|---|
| Garnishment %-Child | 1,328.22 |
| United Way | 20.84 |
| Health DP | 22.00 |
| Dental DP | 5.75 |
| Dep Life | 0.75 |
| LTD | 14.36 |
| Total: | 1,391.92 |

### Employer-Paid Benefit Subsidy

| Description | Amount |
|---|---|
| Health | 215.25 |
| Dental | 14.00 |
| Health DP* | 96.50 |
| Dental DP* | 5.50 |
| EE TermLif | 3.01 |
| EE TermLif* | 4.68 |
| LTD* | 7.35 |
| * Taxable | |
| Total: | 346.29 |

### Net Pay Distribution

| Payment Type | Paycheck Number | Account Type | Account Number | Amount |
|---|---|---|---|---|
| Direct Deposit | 6275801 | Checking | ********1162 | 2,096.61 |

**US bank.**
*Five Star Service Guaranteed (logo)*

Matthew Ashworth

US Bank National Assoc

4000 W Broadway

Robbinsdale, MN 55422

<u>Print This Advice</u>    View a Different Paycl

| | |
|---|---|
| Net Pay: | $2,096.61 |
| Pay Period: | 10/16/2010 - 10/31/201 |
| Check Date: | 10/29/2010 |

| | | | |
|---|---|---|---|
| Employee ID: | 395435 | Pay Group: | Salary |
| Address: | 668 N. Coast Highway | Department: | 3000005631 - SMBUS-LOS ANGELES |
| | Suite 1350 | Location Code: | LM-CA-GL2S |
| | Laguna Beach, CA 92651 | Job Title: | SBB Regional Sales Manager 1 |

## Paycheck Summary

| | Gross Earnings | Fed Taxable Gross | Total Taxes | Total Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 5,625.22 | 5,250.32 | 1,647.76 | 1,880.85 | 2,096.61 |
| YTD | 138,761.97 | 130,537.29 | 50,031.87 | 41,321.06 | 47,409.04 |

## Earnings

| Description | Hours | Rate | Amount | YTD Amount |
|---|---|---|---|---|
| Regular | 78.67 | 64.903846 | 5,105.99 | 103,103.74 |
| 10/16 Holiday Py | 8.00 | 64.903846 | 519.23 | 519.23 |
| Vacation | | | | 8,048.07 |
| RstStkDiv | | | | 250.55 |
| Rest Stk | | | | 5,340.38 |
| Annual Inc | | | | 19,000.00 |
| LT Cash | | | | 2,500.00 |
| **Total:** | **86.67** | | **5,625.22** | **138,761.97** |

## Taxes

| Description | Amount | YTD Amount |
|---|---|---|
| Fed Withholdng S-1 | 1,141.48 | 29,210.05 |
| Fed MED/EE | 79.39 | 1,968.58 |
| Fed OASDI/EE | | 6,621.60 |
| CA Withholdng S-1 | 426.89 | 11,205.16 |
| CA OASDI/EE | | 1,026.48 |
| **Total:** | **1,647.76** | **50,031.87** |

## Before-Tax Deductions

| Description | Amount | YTD Amount |
|---|---|---|
| Health | 42.50 | 850.00 |
| Dental | 16.25 | 325.00 |
| AD&D | 1.00 | 20.00 |
| 401(k) | 225.01 | 5,226.88 |
| HSA | 100.00 | 2,000.00 |
| Purch Vac | 104.17 | 2,083.40 |
| **Total:** | **488.93** | **10,505.28** |

## After Tax Deductions

| Description | Amount | YTD Amount |
|---|---|---|
| Garnishment %-Child | 1,328.22 | 26,564.40 |
| NetStk/Opt | | 2,977.38 |
| United Way | 20.84 | 416.80 |
| Health DP | 22.00 | 440.00 |
| Dental DP | 5.75 | 115.00 |
| Dep Life | 0.75 | 15.00 |
| LTD | 14.36 | 287.20 |
| **Total:** | **1,391.92** | **30,815.78** |

## Employer-Paid Benefit Subsidy

| Description | Amount | YTD Amount |
|---|---|---|
| Health | 215.25 | 4,305.00 |
| Dental | 14.00 | 280.00 |
| Health DP* | 96.50 | 1,930.00 |
| Dental DP* | 5.50 | 110.00 |
| EE TermLif | 3.01 | 62.18 |
| EE TermLif* | 4.68 | 93.60 |
| LTD* | 7.35 | 147.00 |
| * Taxable | | |
| **Total:** | **346.29** | **6,927.78** |

## Net Pay Distribution

| Payment Type | Paycheck Number | Account Type | Account Number | Amount |
|---|---|---|---|---|
| Direct Deposit | 6219233 | Checking | ********1162 | 2,096.61 |

**US bank.**
Five Star Service Guaranteed (logo)

Matthew Ashworth

US Bank National Assoc

4000 W Broadway

Robbinsdale, MN 55422

Print This Advice    View a Different Paycl

| | |
|---|---|
| Net Pay: | $2,139.59 |
| Pay Period: | 10/01/2010 - 10/15/201 |
| Check Date: | 10/15/2010 |
| **Vacation** | |
| Remaining: | 76.0( |

| | | | |
|---|---|---|---|
| Employee ID: | 395435 | Pay Group: | Salary |
| Address: | 668 N. Coast Highway | Department: | 3000005631 - SMBUS-LOS ANGELES |
| | Suite 1350 | Location Code: | LM-CA-GL2S |
| | Laguna Beach, CA 92651 | Job Title: | SBB Regional Sales Manager 1 |

## Paycheck Summary

| | Gross Earnings | Fed Taxable Gross | Total Taxes | Total Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 5,693.62 | 5,318.62 | 1,673.18 | 1,880.85 | 2,139.59 |
| YTD | 133,136.75 | 125,286.97 | 48,384.11 | 39,440.21 | 45,312.43 |

## Earnings

| Description | Hours | Rate | Amount | YTD Amount |
|---|---|---|---|---|
| Regular | 78.67 | 64.903846 | 5,105.99 | 97,997.75 |
| 9/25 Vacation | 8.00 | 64.903846 | 519.23 | 8,048.07 |
| RstDivCash | | 68.40 | | 250.55 |
| Rest Stk | | | | 5,340.38 |
| Annual Inc | | | | 19,000.00 |
| LT Cash | | | | 2,500.00 |
| **Total:** | **86.67** | | **5,693.62** | **133,136.75** |

## Taxes

| Description | Amount | YTD Amount |
|---|---|---|
| Fed Withholdng S-1 | 1,158.71 | 28,068.57 |
| Fed MED/EE | 80.39 | 1,889.19 |
| Fed OASDI/EE | | 6,621.60 |
| CA Withholdng S-1 | 434.08 | 10,778.27 |
| CA OASDI/EE | | 1,026.48 |
| **Total:** | **1,673.18** | **48,384.11** |

## Before-Tax Deductions

| Description | Amount | YTD Amount |
|---|---|---|
| Health | 42.50 | 807.50 |
| Dental | 16.25 | 308.75 |
| AD&D | 1.00 | 19.00 |
| 401(k) | 225.01 | 5,001.87 |
| HSA | 100.00 | 1,900.00 |
| Purch Vac | 104.17 | 1,979.23 |
| **Total:** | **488.93** | **10,016.35** |

## After Tax Deductions

| Description | Amount | YTD Amount |
|---|---|---|
| Garnishment %-Child | 1,328.22 | 25,236.18 |
| NetStk/Opt | | 2,977.38 |
| United Way | 20.84 | 395.96 |
| Health DP | 22.00 | 418.00 |
| Dental DP | 5.75 | 109.25 |
| Dep Life | 0.75 | 14.25 |
| LTD | 14.36 | 272.84 |
| **Total:** | **1,391.92** | **29,423.86** |

## Employer-Paid Benefit Subsidy

| Description | Amount | YTD Amount |
|---|---|---|
| Health | 215.25 | 4,089.75 |
| Dental | 14.00 | 266.00 |
| Health DP* | 96.50 | 1,833.50 |
| Dental DP* | 5.50 | 104.50 |
| EE TermLif | 3.01 | 59.17 |
| EE TermLif* | 4.68 | 88.92 |
| LTD* | 7.35 | 139.65 |
| * Taxable | | |
| **Total:** | **346.29** | **6,581.49** |

## Net Pay Distribution

| Payment Type | Paycheck Number | Account Type | Account Number | Amount |
|---|---|---|---|---|
| Direct Deposit | 6161720 | Checking | ********1162 | 2,139.59 |

| In re | Matthew Banks Ashworth | | According to the calculations required by this statement: |
|---|---|---|---|

In re ___Matthew Banks Ashworth___
                     Debtor(s)

Case Number: _____
                    (If known)

According to the calculations required by this statement:
- ☐ **The applicable commitment period is 3 years.**
- ☑ **The applicable commitment period is 5 years.**
- ☑ **Disposable income is determined under § 1325(b)(3).**
- ☐ **Disposable income not determined under § 1325(b)(3).**

(Check the boxes as directed in Lines 17 and 23 of this statement.)

## CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
## AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedule I and J, this statement must be completed by every individual Chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| Part I. REPORT OF INCOME | | |
|---|---|---|

| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>**a.** ☑ **Unmarried.** Complete only Column A ("Debtor's Income") for Lines 2-10.<br>**b.** ☐ **Married.** Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10. | | |
|---|---|---|---|

| | | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|
| 1 | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $  11,250.44 | $     N.A. |
| 3 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | |
| | a. Gross receipts $ 0.00 | | |
| | b. Ordinary and necessary business expenses $ 0.00 | | |
| | c. Business income Subtract Line b from Line a | $     0.00 | $     N.A. |
| 4 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | |
| | a. Gross receipts $ 0.00 | | |
| | b. Ordinary and necessary operating expenses $ 0.00 | | |
| | c. Rent and other real property income Subtract Line b from Line a | $     0.00 | $     N.A. |
| 5 | **Interest, dividends and royalties.** | $     0.00 | $     N.A. |
| 6 | **Pension and retirement income.** | $     0.00 | $     N.A. |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $     0.00 | $     N.A. |

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.9-755 - 31534-302Y-05410 - Acrobat PDFWriter

| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $ \_\_\_0.00\_\_\_  Spouse $ \_\_\_N.A.\_\_\_ | $    0.00 | $    N.A. |
|---|---|---|---|
| 9 | **Income from all other sources.**  Specify source and amount.  If necessary, list additional sources on a separate page. Total and enter on Line 9.  **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance.  Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><br>a. _____  $    0.00<br>b. _____  $    0.00 | $    0.00 | $    N.A. |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B.  Enter the total(s). | $  11,250.44 | $    N.A. |
| 11 | **Total.**  If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 10, Column A. | $    11,250.44 |  |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | **Enter the Amount from Line 11.** | $  11,250.44 |
|---|---|---|
| 13 | **Marital adjustment.**  If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose.  If necessary, list additional adjustments on a separate page.  If the conditions for entering this adjustment do not apply, enter zero.<br><br>a. _____  $    0.00<br>b. _____  $    0.00<br>c. _____  $    0.00<br><br>Total and enter on Line 13. | $    0.00 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $  11,250.44 |
| 15 | **Annualized current monthly income for §1325(b)(4).**  Multiply the amount from Line 14 by the number 12 and enter the result. | $135,005.28 |
| 16 | **Applicable median family income.**  Enter the median family income for the applicable state and household size.  (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence: \_\_California\_\_    b. Enter debtor's household size: \_\_1\_\_ | $  47,234.00 |
| 17 | **Application of §1325(b)(4).**  Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 15 is less than the amount on Line 16.**  Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement.<br><br>☑ **The amount on Line 15 is more than the amount on Line 16.**  Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. |  |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | **Enter the Amount from Line11.** | $  11,250.44 |
|---|---|---|

| 19 | **Marital adjustment**. If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify, in the lines below, the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | |
|---|---|---|

| a. | | $ 0.00 |
|---|---|---|
| b. | | $ 0.00 |
| c. | | $ 0.00 |

Total and enter on Line 19.  $ 0.00

| 20 | **Current monthly income for §1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | $ 11,250.44 |
|---|---|---|
| 21 | **Annualized current monthly income for §1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ 135,005.28 |
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ 47,234.00 |
| 23 | **Application of §1325(b)(3).** Check the applicable box and proceed as directed.<br><br>☑ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under §1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br><br>☐ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under §1325(b)(3)" at the top of page 1 of this statement and continue with Part VII of this statement. **Do not complete Parts IV, V and VI.** | |

## Part IV. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ 526.00 |
|---|---|---|
| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. | |

| Persons under 65 years of age | | | Persons 65 years of age or older | | |
|---|---|---|---|---|---|
| a1. | Allowance per person | 60.00 | a2. | Allowance per person | 144.00 |
| b1. | Number of persons | 1 | b2. | Number of persons | 0 |
| c1. | Subtotal | 60.00 | c2. | Subtotal | 0.00 |

$ 60.00

| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ 485.00 |
|---|---|---|

B22C (Official Form 22C) (Chapter 13) (12/10)

4

| | | | | | |
|---|---|---|---|---|---|
| **25B** | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. **Do not enter an amount less than zero.**     ORANGE COUNTY | | | | |

| | | | |
|---|---|---|---|
| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $    1,502.00 | |
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $    0.00 | |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. | $    1,502.00 |

| | | |
|---|---|---|
| **26** | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: <br><br>_____<br>_____<br>_____ | $    0.00 |

| | | |
|---|---|---|
| **27A** | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.     LOS ANGELES <br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7.   ☐ 0  ☑ 1  ☐ 2 or more. <br>If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $    283.00 |

| | | |
|---|---|---|
| **27B** | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from the IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the clerk of the bankruptcy court.) | $    0.00 |

| | | | |
|---|---|---|---|
| **28** | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)   ☑ 1   ☐ 2 or more. <br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. **Do not enter an amount less than zero.** | | | |

| | | | |
|---|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | $    496.00 | |
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $    343.06 | |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $    152.94 |

| | | | | | |
|---|---|---|---|---|---|
| **29** | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28. <br><br> Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. **Do not enter an amount less than zero.** | | | | |
| | | a. | IRS Transportation Standards, Ownership Costs | $ 496.00 | |
| | | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $ 0.00 | |
| | | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ 0.00 |
| **30** | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self-employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | | | | $ 3,295.54 |
| **31** | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | | | | $ 0.00 |
| **32** | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | | | | $ 16.88 |
| **33** | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due support obligations included in Line 49.** | | | | $ 1,828.67 |
| **34** | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | | | | $ 0.00 |
| **35** | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | | | | $ 0.00 |
| **36** | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B. **Do not include payments for health insurance or health savings accounts listed in Line 39.** | | | | $ 40.00 |
| **37** | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunications services other than your basic home telephone and cell phone service – such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | | | | $ 50.00 |
| **38** | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | | | | $ 8,240.03 |
| **Subpart B: Additional Living Expense Deductions** <br> **Note: Do not include any expenses that you have listed in Lines 24-37** | | | | | |

B22C (Official Form 22C) (Chapter 13) (12/10)    6

| | | | |
|---|---|---|---|
| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | | |

| | | |
|---|---|---|
| a. | Health Insurance | $ 835.50 |
| b. | Disability Insurance | $ 43.42 |
| c. | Health Savings Account | $ 200.00 |

Total and enter on Line 39
**If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:
$ 0.00

$ 1,078.92

| 40 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 34.** | $ 0.00 |
|---|---|---|
| 41 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ 0.00 |
| 42 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ 0.00 |
| 43 | **Education expenses for dependent children under 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ 0.00 |
| 44 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ 19.00 |
| 45 | **Charitable contributions.** Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). **Do not include any amount in excess of 15% of your gross monthly income.** | $ 41.68 |
| 46 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | $ 1,139.60 |

| **Subpart C: Deductions for Debt Payment** |
|---|

| 47 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, and state the Average Monthly Payment, and check whether the payment includes taxes and insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. | |
|---|---|---|

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | Mini Financial Service | Mini Cooper | $ 343.06 | ☐ yes ☑ no |
| b. | | | $ 0.00 | ☐ yes ☑ no |
| c. | | | $ 0.00 | ☐ yes ☑ no |
| | | | Total: Add Lines a, b and c | |

$ 343.06

Bankruptcy2010©1991-2010, New Hope Software, Inc., ver. 4.5.9-755 - 31534-302Y-05410 - Acrobat PDFWriter

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.9-755 - 31534-302Y-05410 - Acrobat PDFWriter

| 48 | **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure.  List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | |
|----|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $               0.00 |
| b. | | | $               0.00 |
| c. | | | $               0.00 |
| | | | Total: Add Lines a, b and c |

| 48 | | $               0.00 |
|----|---|---|

| 49 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.** | $          232.93 |
|----|---|---|

| 50 | **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | |
|----|---|---|

| | a. | Projected average monthly Chapter 13 plan payment. | $               0.00 | |
|---|---|---|---|---|
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x            10 % | |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $               0.00 |

| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $          575.99 |
|----|---|---|

| | **Subpart D: Total Deductions from Income** | |
|---|---|---|

| 52 | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $        9,955.62 |
|----|---|---|

## Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)

| 53 | **Total current monthly income.**  Enter the amount from Line 20. | $       11,250.44 |
|----|---|---|
| 54 | **Support income.**  Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $               0.00 |
| 55 | **Qualified retirement deductions.**  Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $          450.02 |
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $        9,955.62 |
| 57 | **Deduction for special circumstances.**  If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below.  If necessary, list additional entries on a separate page.  Total the expenses and enter the total in Line 57.  **You must provide your case trustee with documentation of theses expenses and you must provide a detailed explanation of the special circumstances that make such expenses necessary and reasonable.** | |

| | Nature of special circumstances | Amount of expense |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | | Total: Add Lines a, b and c |

| 57 | | $               0.00 |
|----|---|---|

| 58 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, 56 and 57 and enter the result. | $ | 10,405.64 |
|---|---|---|---|
| 59 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 58 from Line 53 and enter the result. | $ | 844.80 |

## Part VI: ADDITIONAL EXPENSE CLAIMS

| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |
|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $      0.00 |
| b. | | $      0.00 |
| c. | | $      0.00 |
| | Total: Add Lines a, b and c | 0.00 |

## Part VII: VERIFICATION

| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)*<br><br>Date: 1/21/11          Signature: /s/ Matthew Banks Ashworth<br>                                                                *(Debtor)*<br><br>Date:                          Signature:<br>                                                                *(Joint Debtor, if any)* |
|---|---|

## Form 22 Continuation Sheet

**Income Month 1**

| | | |
|---|---|---|
| Gross wages, salary, tips... | 11,250.44 | 0.00 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 0.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 |

**Income Month 2**

| | | |
|---|---|---|
| Gross wages, salary, tips... | 11,250.44 | 0.00 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 0.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 |

**Income Month 3**

| | | |
|---|---|---|
| Gross wages, salary, tips... | 11,250.44 | 0.00 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 0.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 |

**Income Month 4**

| | | |
|---|---|---|
| Gross wages, salary, tips... | 11,250.44 | 0.00 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 0.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 |

**Income Month 5**

| | | |
|---|---|---|
| Gross wages, salary, tips... | 11,250.44 | 0.00 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 0.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 |

**Income Month 6**

| | | |
|---|---|---|
| Gross wages, salary, tips... | 11,250.44 | 0.00 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 0.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 |

## Additional Items as Designated, if any

## Remarks

# UNITED STATES BANKRUPTCY COURT
## Central District of California

In re    Matthew Banks Ashworth                         ,

                          Debtor

Case No. _____

Chapter _____13_____

## VERIFICATION OF CREDITOR MATRIX

I do hereby certify under penalty of perjury that the attached Master Mailing List of Creditors, consisting of 2

pages, is complete, correct and consistent with the debtor's schedules herewith, pursuant to Local Bankruptcy Rule

105(6).  I assume all responsibility for errors and omissions.

Date    1/21/11                          Signature
                                         of Debtor

/s/ Matthew Banks Ashworth

MATTHEW BANKS ASHWORTH

Richard G. Heston, Esq.
Heston & Heston,
Attorneys At Law
19700 Fairchild
Road, Suite 200
Irvine, CA 92612
(949) 222-1041
(949) 222-1043

Matthew Banks Ashworth
668 N. Coast Highway #1350
Laguna Beach, CA 92651


Richard G. Heston, Esq.
Heston & Heston, Attorneys At Law
19700 Fairchild Road, Suite 200
Irvine, CA 92612


Office of the US Trustee
411 West Fourth Street
Suite 9041
Santa Ana, CA 92701-4593

Chase Visa
PO Box 15298
Wilmington, DE 19850-5298


Dennis F. McCrosson, III
McCrosson & Associates, PC
6249 S. East St., Ste. A
Indianapolis, IN 46227-2089


FIA Card Services
PO Box 15026
Wilmington, DE 19850-5026


Kathryn Ehrgott
10010 Harbour Pines Court
Indianapolis, IN 46256


Kevin A. Hoover
Hill Fulwider
211 N Pennsylvania St., Ste 2000
Indianapolis, IN 46024-2031


Knox County Chancery Court
400 Main Street, Rm 123-125
Knoxville, TN 37902


Lockridge Valone LLC
625 South Gay Street
Suite 625
Knoxville, TN 37902


Mini Financial Services
Regional Services Center
PO Box 3608
Dublin, OH 43016-0306


Toppenberg & Burke, P.C.
612 S. Gay Street, Suite 1
Knoxville, TN 37902


US Bank
PO Box 6352
Fargo, ND 58125-6352

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3880 Lemon Street, 5th Floor, Riverside, CA 92501

A true and correct copy of the foregoing document described as **CREDITOR KATHRYN EHRGOTT'S AMENDED OBJECTION TO PLAN AND AMENDED PLAN DUE TO LACK OF GOOD FAITH AND FAILURE TO COMMIT ALL DISPOSABLE INCOME TO PLAN; DECLARATION OF SCOTT TALKOV IN SUPPORT OFOBJECTION [11 U.S.C. § 1235(a)(3), (a)(7) & (b)(1)(B)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On12/05/11, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Amrane (SA) Cohen (TR)    efile@ch13ac.com
- Richard G. Heston    rheston@hestonlaw.com
- Richard S Ralston    chapter-7@w-legal.com
- Mark C Schnitzer    mschnitzer@rhlaw.com, mschnitzer@verizon.net
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On **12/8/11,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed. Hon. Robert Kwan, U.S. Bankruptcy Judge, 411 Fourth Street, Suite 5165, Santa Ana, CA  92701 – Regular Mail
☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **12/05/11,**served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/08/11 | Wendy M. Patrick | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                    **F 9013-3.1.PROOF.SERVICE**